### THE STATE OF KANSAS v. A. D. LANE, et al.

1. RECOGNIZANCE OF WITNESS, in Criminal Action; Sureties — On the continuance of a criminal case in the district court, the witnesses may be required to give personal recognizances for their appearance at the next term, but cannot be compelled to give recognizances with sureties.

2. ———— Recognizance by Sureties of Witness, void. Even though such a recognizance be signed by sureties, it imposes no liabilities on them.

*Error from Washington District Court.*

THE county attorney of Washington county brought suit against *A. D. Lane, Percival Perdue,* and *W. H. Collins,* as sureties of Frank Lane in a recognizance given by said Frank Lane as a witness in a criminal case pending in the district court. The criminal action had been continued until next term, and Frank Lane was required to recognize for his ap-

pearance to appear and testify as a witness on the part of the state. To the petition filed against them the sureties demurred. The district court, at the April Term 1872, sustained the demurrer, and *The State* brings the case here on error.

*J. W. Rector,* county attorney, for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: Frank Lane was a witness for the state in a criminal case pending in the district court of Washington county. The case was continued, and Frank Lane required to give a recognizance, with sureties, to appear and testify at the succeeding term. He gave such recognizance with defendants in error as sureties. Failing to appear, this recognizance was forfeited, and suit brought thereon. The sureties demurred. The demurrer was sustained and this ruling the state seeks by this proceeding to reverse. The ruling of the district court was correct. Upon a continuance of a criminal case in the district court the witnesses may be required to give personal recognizances, but there is no authority for requiring sureties thereto. (Gen. Stat., 851, crim. code, § 196.) On a preliminary examination the committing magistrate may, according to the statute in certain cases, require sureties. (Gen. Stat., 829, crim. code, §§ 57, 58.) But the power given by § 58 to the committing magistrate is nowhere given to the trial court in continuances. Without such statutory authority the court would have no power to require sureties to a recognizance, and a recognizance given without authority of law binds no one. It is without consideration. The defendants in error were therefore not bound by the recognizance into which they entered, and the judgment of the district court sustaining the demurrer was correct, and must be affirmed.

The witness, Frank Lane, the principal in the recognizance, is not a party to this proceeding, and of course this decision will not affect him.

All the Justices concurring.