55  363
71  886

55  363
77   68

### W. W. COOK *et al.* v. GEORGE T. CHALLISS.

DEFECTIVE TRANSCRIPT—*Petition in Error, Dismissed.* When a review is sought on a transcript of the record, the clerk of a district court is not authorized to determine what are or what are not "material acts and proceedings of the court," but should make a full and correct transcript of the record and proceedings in the cause, and certify the same as such, and where he has not substantially done so the petition in error will be dismissed.

### *Error from Atchison District Court.*

AT the January term of the district court, to wit, on March 27, 1890, judgment was rendered in favor of the said *George T. Challiss* against the said *W. W. Cook* and *T. A. Brace*, and others, for the sum of $5,530 and costs. A case-made was prepared by Cook and Brace, but it was never settled nor allowed. The same material, with perhaps something additional, was, however, used as a transcript. The body of the certificate to this transcript is as follows :

"I, Charles S. Albright, clerk of the district court within and for the county of Atchison and state of Kansas, do hereby certify the above and foregoing to

be full, true and complete copies of the papers therein mentioned; that the above and foregoing transcript contains a full and complete copy of the petition of the plaintiff in the above-entitled action, together with the exhibits thereof and the indorsements thereon, the process in said cause, being the summons issued against the defendants, W. W. Cook and T. A. Brace, together with the returns of the officers serving same as indorsed thereon, and all other indorsements on said summons; also, the pleadings subsequent thereto, and all orders, judgments and all material acts and proceedings of the court in said cause; and contains a copy of a motion of the defendants, W. W. Cook and T. A. Brace, to require plaintiff to separately state and number the causes of action in said petition, and their motion to require plaintiff to make his petition more definite and certain, with the journal entry of the doings of the court on said motion, the amended petition of plaintiff, and all indorsements thereon, the judgment of the court in said cause, the motion of the defendants, W. W. Cook and T. A. Brace, for a new trial, with the indorsements thereon, and the journal entry of the doings of said court on said motion, as fully as the same remain on file and of record in my office."

The defendants, *Cook* and *Brace*, bring the case to this court. The opinion herein was filed June 8, 1895.

*L. F. Bird*, and *A. F. Smith*, for plaintiffs in error.

*Henry Elliston*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J. : Section 546 of the code of civil procedure, as amended by chapter 86, §1, of the Laws of 1870, reads as follows:

"The plaintiff in error shall file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or

modified, or the original case-made as hereinafter provided, or a copy thereof.''

This section was modified by chapter 185 of Laws of 1877, being ''An act to reduce the expenses of litigation in the supreme court,'' whereby it was provided, among other things, ''that in all actions hereafter instituted by petition in error in the supreme court, the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record of said court.'' Section 1 of said chapter is published as § 546a of the code. (Gen. Stat. of 1889, ¶ 4647.) The certificate of the clerk, appearing in full in the foregoing statement, although very long, does not literally comply with the requirements of either act. There is no statement that the document certified is a transcript of the proceedings nor a transcript of the record.

Counsel for plaintiffs in error refer to § 417 of the code, which declares what shall constitute the record in a cause, and urge that as it includes '' all material acts and proceedings of the court,'' and this certificate of the clerk contains these words, this should be deemed sufficient; but that section does not contemplate that the clerk shall determine what acts and proceedings are material. If, in making up the transcript, any such acts or proceedings were omitted or immaterial matters included, the parties by suggesting a diminution of the record, in due time would have a right to the correction of the same; but the clerk's certificate should show the fact that the document which he furnishes for the purpose of a review is a full and correct transcript of the record and proceedings of the court in the cause to which it relates.

The certificate in this case does not comply substantially with this requirement. The statutes are very plain, and there is little excuse for a failure to comply with them. Enough appears in this case to show that the clerk could not properly certify that this was a full and correct transcript of the record and proceedings. For example, it is disclosed that the defendant, C. L. Howe, filed an answer, and its purport is perhaps sufficiently recited for the purposes of a case-made, but no copy of such answer is given. At the September term, on November 2, 1889, the plaintiff was allowed five days to amend his petition, and time was given for answer and reply. On November 6, 1889, the plaintiff filed his amended petition; and on November 27, 1889, the defendants, W. W. Cook and T. A. Brace, filed their motion to require the plaintiff to make his amended petition more definite and certain, and this motion was overruled December 5, 1889. It does not appear that anything further was done in the case until the date of the judgment, March 27, 1890, but the certificate of the clerk does not exclude the idea that something important may have occurred during this intervening period, unless we concede to the clerk the right to determine and certify what was and what was not material.

This court has heretofore required at least a substantial compliance with the statutes relating to transcripts when a review has been sought by that method of procedure. (*Moore v. Cutler*, 18 Kas. 607; *Burns v. Burgett*, 19 id. 162; *Whitney v. Harris*, 21 id. 96; *Eckert v. McBee*, 25 id. 705; *Weaver v. Hall*, 33 id. 619; *Neiswender v. James*, 41 id. 463; *Comm'rs of Elk Co. v. Scott*, 51 id. 139; *Westbrook v. Schmaus*, 51 id. 214; *Byers v. Leavenworth Lodge*, 54 id. 321.)

It is now too late to amend the certificate, more than one year having elapsed. The petition in error must be dismissed.

All the Justices concurring.