## UPTON v. AMERICAN TRUST CO. OF PURCELL.

No. 2150.    Opinion Filed March 12, 1912.

(122 Pac. 159.)

**APPEAL AND ERROR—Case-Made—Settlement.** A case-made must be signed and settled by the judge who tried the cause. The certificate of the clerk that the case-made is correct will not do away with the necessity of such authentication.

(Syllabus by the Court.)

*Error from Superior Court, Pottawatomie County;
George C. Abernathy, Judge.*

Action between Alexander Upton and the American Trust Company of Purcell. From the judgment, Upton brings error. Dismissed.

*J. W. Hocker,* for defendant in error.

HAYES, J.    This appeal is attempted to be prosecuted by petition in error and case-made. The purported case-made contains a certificate of the clerk certifying that it is correct; but it fails to show that it was ever settled or signed by the judge by whom the cause was tried. Section 6074, Comp. Laws 1909, provides:

"The case and amendments shall be submitted to the judge who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case."

The foregoing statute requires that the judge settle and sign the case-made. *Oligschlager v. Grell,* 13 Okla. 632, 75 Pac. 1131. If the case-made has not been settled and signed by the judge, the certificate of the clerk is insufficient to constitute a valid case-made. *United States ex rel. v. C. O. & G. R. R. Co.,* 3 Okla. 404, 41 Pac. 729; *Allen v. Krueger et al.,* 25 Kan. 75; *Couse v. Phelps,* 11 Kan. 456. It follows that the purported case-made filed in this proceeding is void, and nothing is presented by it to the court for review, and the cause is dismissed.

All the Justices concur.