## PHOENIX INS. CO. OF HARTFORD, CONN., v. HALL et al.

No. 7362—Opinion Filed June 13, 1916.

Rehearing Denied July 25, 1916.

(158 Pac. 903.)

### Insurance—Form of Policy—Riders—Statute —"Separate" Slips.

A separate sheet of paper, having printed thereon certain stipulations including the usual iron safe and book warranty clauses, and also containing at the head of said sheet of paper a description of the property insured, was pasted on that blank portion of a standard insurance policy form left for the insertion of the description of the property, so that the part containing the description filled up the blank and the remainder of the sheet, containing said book warranty, etc., clauses, was left loose, except where attached at the head thereof. Held to be a substantial compliance with subdivisions 4 and 6 of section 3481, Rev. Laws, 1910.

(Syllabus by Burford, C.)

Error from District Court, Texas County; W. C. Crow, Judge.

Action by Emil Hall and others against the Phoenix Insurance Company of Hartford, Conn., to recover on certain insurance policies. There was judgment for the plaintiffs, and defendant appeals. Reversed.

Scothorn, Caldwell & McRill, for plaintiff in error.

John L. Gleason, for defendants in error.

Opinion by BURFORD, C. This was an action by Emil Hall and others to recover upon certain policies of fire insurance, issued by the Phoenix Insurance Company of Hartford, Conn. Their defense was upon the ground that the plaintiff had failed to substantially comply with the iron safe and book warranty clauses of the policy. This defense was met by the contention on the part of the plaintiffs that such clauses were not properly a part of the policy. It appeared that the company had issued to the plaintiffs a policy in the ordinary standard form prescribed in section 3482, Rev. Laws 1910; that at the end of the first paragraph of said policy there was a space provided in which the description of the property was to be inserted. At this point the defendant had attached a separate sheet of paper on which was printed in type, six point or larger in size, the ordinary form of book warranty and iron safe clauses, together with what is known as the "lightning clause" and others. At the head of the sheet of paper was inserted, partly in writing and partly in printing, a description of the property. Both the description of the property and the various clauses above referred to were contained upon the same sheet of paper. From the record it appears that this sheet was so pasted on the standard form that the written and printed description of the property filled up the space provided in the standard form for that purpose, leaving the remainder of the sheet loosely attached to the policy in the form of a slip or rider. In his brief the plaintiff practically conceded that there was not a substantial compliance with the book warranty and iron safe clauses, and that if these clauses are properly a part of the policy he cannot recover.

Section 3481, Rev. Laws 1910, provides in part as follows:

"No fire insurance company shall issue fire insurance policies on property in this state other than those of the standard form herein set forth, except as follows: * * * Fourth. The blanks in said standard form may be filled in print or writing. * * * Sixth. A company may write upon the margin or across the face of the policy, or write or print, in type nor smaller than six-point, upon separate slips or riders to be attached thereto, provisions adding to or modifying those contained in the standard form, and all such slips, riders and provisions must be signed by the officers or agents of the company so using them."

We think that, if a written or printed description were permanently pasted in the space provided in the standard policy for the description of the property, it could be fairly said that such blank was "filled in in printing or writing." It is insisted, however, that inasmuch as the description of the property was on the same sheet as the other clauses these clauses cannot be said to have been attached by separate slips or riders, and that each clause must have been upon a separate slip. The very apparent object of the statute was that if changes or additions were to be made in or to a standard form of policy, they should not be concealed in fine print therein, but that they should be so attached to or written on the face of the policy that the insured, upon examining the policy, would immediately notice that something had been added to the standard form. We think it is a refinement, amounting to splitting a hair "'twixt south and southwest side," to say that this policy would have lawfully contained the various provisions added, and a full compliance with the statute made, if the slip upon which these provisions were contained had been cut into several parts, but inasmuch as these various clauses were printed upon one sheet of paper, which was attached upon the very face of the policy as a rider, that thereby these provisions of the policy were rendered void and must be eliminated from the contract.

It certainly more nearly comports with justice, as well as fulfills the purpose of the statute, to hold that the provisions of the statute for filling in the description of the property were substantially complied with by pasting in the blank space provided in the form, the partly printed and partly written description of the property, and that by the remainder of the slip, loosely attached, except at the head thereof, where it was pasted to the policy, being on the face of the policy, where the insured would readily see it, and in the type provided by statute, the provision of the statute providing that the clause should be attached by separate sheets or riders was otherwise substantially complied with, and that the insured cannot be heard to say that these provisions need not be observed by him, because the sheet upon which they were contained was not separated into several parts. Certainly his attention would not have been more readily called to them, or the object of the statute better fulfilled, if they had been attached separately, than as they were. The trial court instructed the jury to return a verdict for the plaintiff, and left it to them merely to find out the amount due the plaintiff. In view of the testimony in relation to the failure to comply with the clauses of the policy above referred to, and which we are of the opinion were properly a part thereof, this action of the trial court constituted reversible error.

The clause is reversed for further proceedings not inconsistent with this opinion.

By the Court: It is so ordered.