## BUEHL v. AMERICAN INDEMNITY CO.

No. 9668—Opinion Filed Jan. 13, 1919.

Rehearing Denied Feb. 25, 1919.

(178 Pac. 884.)

(Syllabus.)

### 1. Appellate Jurisdiction—Case-Made.

To confer jurisdiction upon the Supreme Court of a proceeding to review a judgment or final order of the district court, the plaintiff in error must, within 6 months from the rendition of the judgment or order complained of, file with the clerk of the Supreme Court a petition in error, to which shall be attached the original case-made filed in the court below, or a certified transcript of the record of such court. Section 5240, Rev. Laws 1910.

### 2. Appeal and Error—Transcript of Record—Authentication.

Where the proceedings in error are by transcript of the record, such transcript must be authenticated by the clerk of the trial court within the time fixed by statute for filing petition in error.

### 3. Same.

Where the transcript of the record is not certified by the clerk of the trial court, the Supreme Court, after the expiration of time allowed for filing petition in error, is without power to permit a duly certified transcript to be filed in lieu of the unauthenticated copy.

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by the American Indemnity Company against J. Garfield Buell. Judgment for plaintiff, and defendant brings error. Dismissed.

John B. Meserve, for plaintiff in error.

Maxey & Brown, for defendant in error.

SHARP, C. J. On June 22, 1916, the American Indemnity Company instituted an action in the district court of Muskogee county against J. Garfield Buell to recover judgment on a written contract of indemnity. On the 18th day of June, 1917, judgment was rendered in favor of the company and against defendant in the sum of $3,162.35, together with interest amounting to $187.50. At the trial defendant, though duly summoned, failed to appear either in person or by counsel. De-

siring to appeal from the judgment, defendant on the 9th day of July following entered into a supersedeas bond, which was duly approved by the court clerk on July 14, 1917. On December 18, 1917, Buell filed his petition in error in this court, accompanied by a purported transcript of the record, but which transcript was not signed, neither was the seal of the clerk attached thereto. On the 26th day of December following there was received by the clerk of this court a transcript of the proceedings had in the district court, the certificate to which appears to be regular and duly signed by the court clerk, under the seal of the court. On the 31st day of December following Buell filed a motion asking to be permitted to file the original transcript, charging that through inadvertence a copy, instead of the original transcript, had been filed with the petition in error. Pending hearing on the motion of the plaintiff in error, the defendant in error filed its motion to dismiss the appeal, including as grounds therefor that the transcript attached to the petition in error was not certified by the clerk of the court from which the appeal was taken.

Briefly it may be said that the appellate jurisdiction of this court is invoked by filing in the office of the clerk a petition in error, to which is attached the original case-made filed in the court below, or a certified transcript of the record of the trial court. Section 5240, Rev. Laws. The proceedings must be commenced within six months from the rendition of the judgment or final order complained of. Sess. Acts 1910-11, p. 35. In the case at hand the proceedings instituted to reverse the judgment of the trial court were filed on the last day allowed by law in which an appeal could be filed, so that when the clerk's office received the original transcript the time for filing an appeal had expired by limitation. Treating the motion of December 31st in the most favorable light possible, and as intended as an application to amend the original petition in error, it comes too late. The underlying question involves the jurisdiction of the court to permit an amendment to a proceeding, otherwise ineffectual, after the expiration of the time for appeal. A similar question was before the court in Walcher v. Stone, 15 Okla. 130, 79 Pac. 771, where it was held that a motion for leave to withdraw the certificate of the clerk for the purpose of having the same amended came too late, when more than one year had elapsed since the rendition of the judgment from which the appeal was taken. The case arose before the amendment of February 14, 1911,

to section 574, c. 66, Gen. St. Okla. 1893, which former statute provided that an appeal might be commenced within one year after the rendition of the judgment or final order complained of. The opinion cites in its support Cook v. Challiss, 55 Kan. 363, 40 Pac. 643. The rule announced in Walcher v. Stone, supra, was followed in Manley v. Halsell, 43 Okla. 402, 143 Pac. 193.

Almost the identical question was before the Kansas Supreme Court in Union Pac. R. Co. v. Simpson, 11 Kan. 458. In that case a purported certificate was attached to the record, but was not signed by the clerk of the district court, and the petition in error, in an opinion by Mr. Justice Brewer, was dismissed.

Other courts in like cases have reached the same conclusion. In Blitz v. Brown, 7 Wall. 693, 19 L. Ed. 280, there was only a blank form of authentication to the transcript filed, without the seal of the court below or the signature of its clerk. It was held that the court had no jurisdiction of the case and ordered its dismissal. In Fromholz v. McGahey, 85 Neb. 205, 122 N. W. 879, it was held that, to clothe the Supreme Court with jurisdiction to review a judgment or a final order of the district court, the appellant must within six months of the rendition of such judgment or final order file with the clerk of the court a certified transcript of the judgment or order appealed from, and that, if the transcript filed for the purpose of such an appeal was not authenticated by the clerk of the district court, the Supreme court was without power, after six months from the rendition of such judgment or final order, to permit the appellant to add the clerk's certificate to such transcript. Such, also, is the holding of the Supreme Court of Indiana. Clay Township v. Hend, 157 Ind. 240, 61 N. E. 564.

It appears, further, that plaintiff in error, prosecuting his appeal, has neglected to comply with the requirements of Sess. Laws 1917, pp. 402-404, though furnishing the governing statute at the time proceedings in error were attempted to be instituted.

The appeal is dismissed.

All the Justices concur, except TURNER and BRETT, JJ., absent.