### HALL et al. v. PHOENIX INS. CO.

No. 9967—Opinion Filed June 14, 1921.

(Syllabus.)

**1. Appeal and Error—Defective Case-Made —Review—Jurisdiction.**

A purported case-made which has not been settled and signed by the judge who tried the case and attested by the clerk and filed with the papers of the case in the trial court is ineffective as a case-made and confers no jurisdiction upon this court to review any of the proceedings of the trial court.

**2. Same—Transcript of Record—Certification.**

Where the proceedings in error are by transcript of the record, the transcript must be certified as such by the clerk of the trial court.

**3. Same — Defective Record — Review — Jurisdiction.**

A stenographer's report of the proceedings in the trial court which has not been signed and settled by the trial judge as a case-made nor attested by the clerk nor filed in the district court nor certified by the clerk of the trial court as a transcript, cannot be considered by this court either as a case-made or a transcript. It is a nullity, and confers no jurisdiction upon this court to review the proceedings of the trial court.

Error from District Court, Texas County; W. C. Crow, Judge.

Action by the Phoenix Insurance Company, of Hartford, Conn., against Emil Hall and others, partners under firm name of Tryone Lumber Company. Judgment for plaintiff, and defendants bring error. Dismissed.

Jno. L. Gleason, for plaintiffs in error.

Albert L. McRill and J. W. Scothorn, for defendant in error.

KANE, J. The proceedings were had herein on the 23rd day of November, 1917, and were upon a motion by the defendant in error for judgment upon the pleadings, in accordance with the mandate of this court in a prior appeal (cause No. 7362, Phoenix Ins. Co. v. Hall et al., 60 Okla. 30, 158 Pac. 903). Upon the granting of judgment for the plaintiff, defendant in error herein, the defendants, plaintiffs in error herein, served notice of appeal, and thereafter filed their petition in error, with a stenographic report of the proceedings in the trial court attached thereto, in this court. Defendant in error has filed its motion to dismiss, and, among other grounds, alleges that there is nothing before this court which can be considered either as a case-made or as a transcript for the reasons that the stenographic report of the proceedings in the trial court

was not settled and signed as a case-made by the trial court nor attested by the clerk or filed with the papers in the case, as provided by section 5242, Rev. Laws 1910, as amended by chapter 218, Sess. Laws 1917, nor certified by the clerk of the trial court as a transcript.

A purported case-made which has not been settled and signed by the judge who tried the case and attested by the clerk and filed with the papers of the case in the trial court, is ineffective as a case-made and confers no jurisdiction upon this court to review any of the proceedings of the trial court. Oil Fields & S. F. Ry. Co. v. Wheeler, 75 Okla. 9, 180 Pac. 868; Helms v. Faulkner, 79 Okla. 308, 193 Pac. 621; Canfield v. Bell, 47 Okla. 622, 149 Pac. 1088; Landis v. Beal & Hines, 43 Okla. 287, 142 Pac. 1109; Abbot v. Rodgers, 35 Okla. 189, 128 Pac. 908; Upton v. American Trust Co., 31 Okla. 456, 122 Pac. 159.

Where the proceedings in error are by transcript of the record, the transcript must be certified as such by the clerk of the trial court. Buell v. American Indemnity Co., 72 Oklahoma, 178 Pac. 884.

Plaintiffs in error herein have attached to their petition in error nothing more than a stenographic report of the proceedings in the trial court. Such stenographic report is neither signed and settled as a case-made, certified by the clerk of the trial court, filed with the papers in the trial court, nor certified by the clerk of the trial court as a transcript. It is therefore a nullity, and confers no jurisdiction upon this court to review the proceedings of the trial court. Oil Fields & S. F. Ry. Co. v. Wheeler, supra.

For the reasons stated, the appeal is therefore dismissed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.