## SMALL v. RICE et al.

No. 10023—Opinion Filed June 14, 1921.

(Syllabus.)

**1. Appeal and Error—Case-Made—Time for Service—Dismissal.**

Appeal dismissed for the reason the case-made was not served within the time granted by the trial court.

**2. Appeal and Error—Time for Appeal— Effect of Unnecessary Motion for New Trial.**

Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal.

Error from District Court, Tulsa County; Con Linn, Judge.

Action by A. A. Small against Benjamin F. Rice and Thomas D. Lyons. Judgment for defendants, and plaintiff brings error. Dismissed.

Walker, Underwood & Rodolf and A. A. Small, for plaintiff in error.

Rice & Lyons, for defendants in error.

KANE, J. This cause comes on to be heard upon a motion to dismiss the appeal filed by the defendants in error upon the ground that the case-made was not served within the time granted by the trial court. The motion must be sustained.

The record shows that the judgment appealed from was rendered in favor of the defendants upon the opening statement of counsel for the plaintiff, and that notice of appeal was immediately given and 60 days granted to make and serve case-made. Thereafter, the plaintiff filed a motion for a new trial, which was subsequently overruled, the trial court also granting 60 days to make and serve case-made for appeal from this order. The case-made was served within 60 days after the motion for new trial was overruled, but not within 60 days from the time first granted for making and serving case-made.

The contention of counsel for movant is that, inasmuch as the motion for a new trial was unnecessary for the review of the action of the trial court in entering judgment on the opening statement, the further extension of time granted for making and serving a case-made, for the purpose of reviewing the order overruling the motion for new trial, did not enlarge the time for serving the case-made originally granted. In support of this, counsel cite Clapper et al. v. Putman Co. et al., 70 Oklahoma, 158 Pac. 297, from which they quote as follows:

"Where a motion for a new trial is unnecessary to present to this court for review an order or judgment appealed from, such motion and decision thereon by the trial court are ineffectual to extend the time within which to perfect an appeal."

It seems to us that this authority sustains the contention of counsel for defendants in error. That a motion for a new trial was required to review the action of the trial court in entering judgment upon the opening statement of counsel is not seriously questioned by counsel for plaintiff in error. They argue in their brief that:

"Assuming that no motion for new trial was necessary herein, still the plaintiff in error served his case-made upon the defendants in error within the extension of time granted to plaintiff in error by the trial court on the date of the judgment, to wit, December 18, 1917, and within the order of the trial court extending the time to a specific date within which the case-made might be served, which order was made and entered with the original extension."

Whilst the point sought to be made by counsel is not entirely clear to us, we take it this argument is based upon the assumption that the final judgment was not entered until the motion for a new trial was overruled, and therefore the time granted for making and serving a case-made commenced to run from that date and not from the date of the former order. Judgment seems to have been entered in favor of the defendants upon the opening statement of counsel on the day the first order extending time was made. This was the only final judgment entered in the case, and the only ground for reversal urged by counsel in their brief is that the court erred in entering judgment in favor of the defendants upon the opening statement of counsel. The subsequent action of the court consisted merely of an order overruling the motion for a new trial. As this action of the trial court was wholly unnecessary, it does not seem to us that the last order was effective to extend time previously granted.

For the reasons stated, the appeal must be dismissed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.