**STATE ex rel. FREELING, Atty. Gen., v. BREWER.**

No. 12181—Opinion Filed Oct. 30, 1923.

**1. Appeal and Error—Defective Case-Made —Review—Jurisdiction.**

A purported case-made which has not been settled and signed by the judge who tried the case and attested by the clerk and filed with the papers of the case in the trial court is ineffective as a case-made and confers no jurisdiction upon the court to review any of the proceedings of the trial court.

**2. Same—Transcript of Record—Certification.**

Where the proceedings in error are by transcript of the record, the transcript must be certified as such by the clerk of the trial court.

**3. Same—Defective Record — Review — Jurisdiction.**

A stenographer's report of the proceedings in the trial court which has not been signed and settled by the trial judge as a case-made nor attested by the clerk nor filed in the district court nor certified by the clerk of the trial court as a transcript, cannot be considered by this court either as a case-made or a transcript. It is a nullity, and confers no jurisdiction upon this court to review the proceedings of the trial court.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Kiowa County; J. S. Carpenter, Judge.

Action by the State of Oklahoma, on the relation of S. P. Freeling, Attorney General, against J. W. Brewer. From a judgment sustaining demurrer to plaintiff's evidence, plaintiff appeals. Dismissed.

S. P. Freeling, Atty. Gen., and Wm. H. Zwick, Asst. Atty. Gen., for plaintiff in error.

J. E. Bryan and Rummons & Logan, for defendant in error.

Opinion by LOGSDON, C. This action was tried in the county court of Kiowa county at the October, 1920, term, and resulted in judgment sustaining the demurrer of defendant to the evidence of the plaintiff. Petition in error was filed in this court April 8, 1921, having attached thereto a purported case-made. An examination of the case-made, so filed with the petition in error, shows that the same was never filed as a part of the record in the case in the trial court nor was it settled or signed as a case-made by the trial judge, nor was it certified as a transcript by the court clerk. Under such circumstances it has been often held by this court that such purported case-made is a nullity and confers no jurisdiction upon this court to review the proceedings of the trial court. Quoting from the case of Hall et al. v. Phoenix Insurance Co., 82 Okla. 158, 198 Pac. 999, this court said:

"A purported case-made which has not been settled and signed by the judge who tried the case and attested by the clerk and filed with the papers of the case in the trial court, is ineffective as a case-made and confers no jurisdiction upon this court to review any of the proceedings of the trial court. Oil Fields & S. F. Ry. Co. v. Wheeler, 75 Okla. 9, 180 Pac 868; Helms v. Faulkner, 79 Okla. 308, 193 Pac. 621; Canfield v. Bell, 47 Okla. 622, 149 Pac. 1088; Landis v. Beal & Hines, 43 Okla. 287, 142 Pac. 1109; Abbott v. Rodgers, 35 Okla. 189, 128 Pac. 908; Upton v. American Trust Co., 31 Okla. 456, 122 Pac. 159."

"Where the proceedings in error are by transcript of the record, the transcript must be certified as such by the clerk of the trial court." Buell v. American Indemnity Co., 72 Oklahoma, 178 Pac. 884.

For the reasons herein stated, this appeal is dismissed.

By the Court: It is so ordered.