## CAMPBELL v. WILLIAMS.

No. 12391—Opinion Filed Dec. 2, 1924.

**Appeal and Error—Jurisdiction—Defective Case-Made.**

This court is without jurisdiction to consider an appeal, where the case-made fails to show the attestation of the clerk of the trial court to the signature and certificate of the trial judge, settling the case-made, and the seal of the trial court thereto, and which is not corrected, in this respect, within the six months' period for the filing of appeals in this court. Held, further, that said case-made cannot be corrected, in this respect, after the expiration of the period for appealing the case, so as to give this court jurisdiction to consider the appeal.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from Superior Court, Tulsa County; Albert C. Hunt, Judge.

Action by Robert Williams against George C. Campbell. Judgment for plaintiff, and defendant brings error. Appeal dismissed.

Poe & Lundy, J. E. Curran, and R. E. Morgan, for plaintiff in error.

Cheatham & Beaver, for defendant in error.

Opinion by JARMAN, C. This case was appealed to this court on petition in error and case-made. The case-made shows that the cause was submitted to the jury and the verdict was rendered for the plaintiff, Robert Williams, against the defendant, George C. Campbell, on November 13, 1920. The motion for a new trial was overruled on December 27, 1920, and the appeal was lodged in this court on June 17, 1921. On October 26, 1923, Williams, the defendant in error, filed a motion to dismiss said appeal on the ground that the certificate of the trial judge settling the case-made was not attested by the clerk, and the seal of the court was not attached thereto. On November 27, 1923, this court made an order authorizing the plaintiff in error to withdraw the case-made for the purpose of amending the same by adding the attestation of the clerk to the certificate and signature of the trial judge, and the seal of the court. This amendment was accordingly made and the case-made refiled in this court, and, on December 21, 1923, the plaintiff renewed his motion to dismiss said appeal and assigned as an additional reason that the case-made failed to contain a copy of the final order or judgment sought to be reviewed; and this contention was sustained by this court in an opinion written on April 22, 1924, dismissing said appeal. On April 30, 1924, the defendant filed a motion to withdraw the case-made and correct the same by showing the final judgment, rendered by the trial court, sought to be reviewed here, and, on the same day, an order for that purpose was made by this court, and the case-made was corrected accordingly and refiled in this court on May 20, 1924. Both of these amendments were made after the time had expired for appealing the case to this court. On May 29, 1924, a petition for rehearing was filed by the defendant, which was granted on September 23, 1924, and the cause resubmitted.

On November 18, 1924, the plaintiff renewed his motion to dismiss said appeal on the grounds:

First, that the original case-made shows that the signature of the trial judge settling the case-made was not attested by the clerk of the trial court and the seal of the trial court was not attached thereto: that said

case-made remained in this condition until after the six months period, within which the defendant could have lodged his appeal in this court, had expired, and, therefore, this court was without jurisdiction to hear and determine said cause on appeal: that this court was without jurisdiction on November 27, 1923, which was after the expiration of the six months period within which the appeal could have been lodged in this court, to make and enter the order authorizing the defendant to correct the case-made by adding thereto the attestation of the clerk of the trial court to the signature of the trial judge settling the case-made and the seal of the trial court.

Second, for the same reason, assigned in the first ground for dismissing said appeal, this court was without jurisdiction to enter an order on April 30, 1924, authorizing the defendant to correct the case-made by showing the final judgment, rendered in the cause by the trial court, that the defendant seeks to have reviewed here.

The first ground assigned in the motion of the plaintiff to dismiss said appeal is well taken on the authority of the recent case of State ex rel Gross v. American National Bank of Oklahoma City, 107 Okla. 265, 232 Pac. 52, wherein the following rule is announced:

"Where a purported case-made attached to petition in error is filed in this court without the attestation of the clerk of the trial court to the certificate and signature of the trial judge, and without the seal of the court thereon, as provided in section 785, Comp. Stat. 1921, and such case-made is not corrected within the time limited for appeals to this court by section 798, Comp. Stat. 1921, this court is not authorized to review the matters therein, but upon motion such appeal will be dismissed."

In that case the plaintiff in error, after the six months period for perfecting the appeal had expired, filed a motion for leave to amend the case-made by supplying the attestation of the clerk of the trial court to the signature of the trial judge settling the case-made and the seal of the trial court thereto, but this court held it had no jurisdiction over the case for the reasons assigned in the body of the opinion in the following language:

"Prior to the expiration of the six months period fixed by statute within which appellate proceedings may be begun in this court, the right to amend and correct a case-made is clear. But after the expiration of this period nothing can be done to confer jurisdiction upon this court. The jurisdiction must have attached by reason of the commencement of a proceeding within the time

limited. Any other construction would nullify the provisions of section 798, Comp. Stat. 1921, which provides:

"'All proceedings for reversing, vacating or modifying judgments, or final orders, shall be commenced within six months from the rendition of the judgment or final order complained of.'"

It is clear that the defendant had the right to correct the case-made by supplying the attestation of the clerk of the trial court to the signature of the trial judge settling the case-made and by attaching the seal of the trial court thereto at any time prior to the expiration of the six months period, allowed the defendant to lodge his appeal here but, after said period had expired, as stated by Mr. Justice Gordon, in the foregoing opinion, "nothing can be done to confer jurisdiction upon this court"; therefore, the supplying of the attestation of the clerk and the seal of the trial court after the expiration of the time for taking the appeal, did not confer jurisdiction upon this court to entertain the appeal. This holding makes it unnecessary to consider the second ground of the motion to dismiss.

The motion is sustained and the appeal dismissed.

By the Court: It is so ordered.