### NAVE et al. v. CENTRAL LIFE INS. CO.

No. 15844—Opinion Filed July 14, 1925.

(Syllabus.)

**1. Exceptions, Bill of—Contents.**

A bill of exceptions is only that part of the proceedings not embraced in the judgment roll.

**2. Same—Appeal — Dismissal for Lack of Certification.**

Where the appeal is by bill of exceptions and the entire record is not certified as a transcript as provided by the rules of this court, the appeal will be dismissed.

**3. Same—Contents—Evidence.**

A bill of exceptions must show on its face that it contains all the evidence, though the same is briefly stated as it should be.

Error from District Court, Nowata County; C. H. Baskin, Judge.

Action between Emmet Nave and another and the Central Life Insurance Company. From the judgment, the former bring error. Dismissed.

W. H. Vann, for plaintiff in error.

Glass & Calvert, for defendant in error.

PER CURIAM. This case is appealed by what purports to be a bill of exceptions from an order of the district court of Nowata county overruling a motion to vacate an order appointing a receiver. Defendant in error challenges the sufficiency of the record to give this court jurisdiction and asks that the appeal be dismissed. The entire record is

designated as a bill of exceptions, and was allowed and signed as such by the trial judge. A bill of exceptions is only that part of the proceedings not embraced in the judgment roll, and when authenticated by the trial judge and filed in the office of the clerk, a copy of the' entire record is made and certified as a transcript and filed in this court accompanied by a petition in error. A bill of exceptions is not only authorized by our statutes, but by the English Statutes of West, ii, 13 Edw. 1, St. 1, ch. 32, 1 Stat. at Large, 105, and the practice in American courts has its inception in this statute. Sections 567 and 569, C. O. S. 1921.

In some of the states a bill of exceptions is not authorized by statute, yet this practice has been adopted by the courts as a rule of procedure. Ewell v. State, 6 Yerger (Tenn.) 374.

In the absence of a statute defining the procedure for bringing cases into an appellate court on appeal, the English statute has blazed the way and found lodgment in our system of jurisprudence. A bill of exceptions is fatally defective that does not show on its face that it contains all the evidence, though it may be briefly stated and should be. The record in the case at bar contains no bill of exceptions, and even if it did, a want of proper certification would compel the dismissal of the appeal, the certificate of the clerk showing on its face that only a part of the record is certified. The appeal is dismissed.

Note.—See under (1) 4 C. J. p. 217, § 1816. (2) 4 C. J. p. 440, § 2153. (3) 4 C. J. p. 200, § 1801. See 2 R. C. L. p. 142; 1 R. C. L. Supp. p. 410; 5 R. C. L. Supp. p. 73.