**DICKERSON et al. v. BOTCHLEOTT, Adm'x, et al.**

No. 16963—Opinion Filed Jan. 25, 1927.

Rehearing Denied March 15, 1927.

(Syllabus.)

1. **Appeal and Error—Case-Made Not Filed With Trial Court Clerk a Nullity.**

A case-made filed in this court in connection with a petition in error, which has never been filed in the office of the clerk of the trial court from which the appeal comes, is a nullity and cannot be considered by this court for the purpose of showing the proceedings of the court below.

2. **Appeal and Error—Appeal by Transcript—Time for Authentication by Court Clerk.**

Where the proceedings in error are by transcript of the record, such transcript must be authenticated by the clerk of the trial court within the time fixed by statute for filing petition in error.

3. **Same—Authentication Not Allowable After Time for Filing Petition in Error.**

Where the transcript of the record is not certified by the clerk of the trial court, the Supreme Court, after the expiration of the time allowed for filing petition in error, is without power to permit a duly certified transcript to be filed in lieu of the unauthenticated copy.

Error from District Court, Kiowa County; E. L. Mitchell, Judge.

Action between P. J. Dickerson and another and Margaret Botchleott, administratrix, et al. From the judgment, the former bring error. Appeal dismissed.

Leahy, McDonald & Files and P. J. Dickerson, for plaintiffs in error.

Tolbert, Hunter & Tolbert, for defendants in error.

PER CURIAM. This case is before this court upon motion to dismiss, and upon an examination of the record it is found that the appeal is attempted to be brought upon a petition in error with case-made attached. The purported case-made was not filed with the papers in the case in the trial court. The case-made must be filed with the papers in the trial court, and unless so filed, is a nullity, and this court does not have jurisdiction to review errors assigned. School Dist. of Okmulgee Co. v. Hinchie, 62 Okla. 97, 162 Pac. 206; Banks v. Watson, 40 Okla. 450, 139 Pac. 306.

The record cannot be considered as a transcript, for the reason that the same is not certified to, as such, by the clerk of the trial court. Where the case-made is a nullity because not filed with the papers in the case in the trial court, the same cannot be considered as a transcript where it is not certified to, as such, by the clerk of the trial court.

In the case of Martin v. Milnor et al., 52 Okla. 232, 152 Pac. 388, it was held by this court that:

"Where a case-made is a nullity, because not served within time, the same cannot be considered as a transcript, where it is not certified by the clerk of the trial court."

The final order from which this appeal is attempted was made on May 14, 1925, and the appeal lodged in this court on November 13, 1925. More than six months having elapsed since the final order appealed from was made, it is now too late to supply the necessary certificate of the clerk of the trial court certifying to the record as a transcript. Buehl v. American Indemnity Co., 72 Okla. 95, 178 Pac. 884.

Applying the above rules to the case at bar, it follows that the appeal in this case should be, and is dismissed.

Note.—See under (1) 4 C. J. p. 376, §2046; p. 377, §2048; 2 R. C. L. p. 158. (2) 4 C. J. p. 441, §2154; 2 R. C. L. p. 152. (3) 4 C. J. p. 496, §2242.