## KIRK et ux. v. RODESNEY.

No. 18441.    Opinion Filed Oct. 25, 1927.

Rehearing Denied Feb. 14, 1928.

(Syllabus.)

1. **Appeal and Error—Case-Made—Necessity for Authentication by Trial Judge.**

A case-made must be signed and settled by the trial judge who tried the cause. The certificate of the clerk that the case-made is correct will not do away with the necessity of such authentication.

2. **Same—Appeal by Transcript—Dismissal Where Errors not Reviewable on Transcript.**

Where the appeal to this court is by transcript and the errors assigned are such that they can only be presented by case-made or bill of exceptions, nothing is presented for review, and the appeal will be dismissed.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action between W. W. Kirk et ux. and C. A. Rodesney. From judgment in favor of the latter, the former appeal. Dismissed.

Earley & Choate, for plaintiffs in error.

Robert E. Jackson, for defendant in error.

PER CURIAM. This action was begun in the district court of Oklahoma county to quiet title to real estate. From a judgment rendered therein plaintiffs in error attempt to appeal. The appeal is by petition in error with transcript attached. The petition in error assigns only such errors of the trial court as can be reviewed by an examination of the evidence produced in the trial court. The record filed herein and attached to the petition in error bears the certificate of the clerk of the trial court certifying that the same is a true and correct transcript of the pleadings, judgment, motion for new trial, together with indorsements and a copy of transcript of testimony in the case. But such record is not certified to by the trial judge, and cannot be considered as a case-made. In the case of Upton v. American Trust Co. of Purcell, 31 Okla. 456, 122 Pac. 159, this court laid down the rule that:

"A case-made must be signed and settled by the judge who tried the cause. The certificate of the clerk that the case-made is correct will not do away with the necessity of such authentication."

In the case of Blumenfeld v. Anthis et al., 107 Okla. 90, 230 Pac. 228, this court laid down the rule that:

"Where the appeal to this court is by transcript, and the errors assigned are such that they could only be presented by case-made or bill of exceptions, nothing is presented for review, and the appeal will be dismissed."

Where the petition in error presents only such alleged errors as may be determined by an examination of the evidence, such errors cannot be reviewed upon transcript, and where the record presented is not certified to by the trial judge, it cannot be considered as a case-made and presents nothing to this court for review.

The final order from which this appeal is attempted was made on the 16th day of December, 1926, the appeal filed in this court June 16, 1927. More than six months having elapsed since the final order appealed from was made, it is now too late to supply the necessary certificate of the trial judge certifying to the record as a case-made. Dickerson et al. v. Botchleott, Adm'x., 122 Okla. 252, 254 Pac. 80; Buehl v. American Indemnity Co., 72 Okla. 95, 178 Pac. 884.

For reasons above set forth, the appeal is dismissed.

Note.—See under (1) 4 C. J. p. 362, §2018; p. 443, §2156 (Anno); anno. 30 A. L. R. 721; 2 R. C. L. p. 158; 1 R. C. L. Supp. p. 417; 4 R. C. L. Supp. p. 86; 5 R. C. L. Supp. p. 75. (2) 4 C. J. p. 574, §2381.