### GREER et al. v. COHN.

No. 18758.    Opinion Filed Jan. 17, 1928.

(Syllabus.)

1. **Appeal and Error—Failure to Make and Serve Case-Made Within Time—Dismissal.**

Where plaintiff in error fails to make and serve his case-made within the time allowed by statute or within the time as extended by the court, the same is a nullity, and on motion the appeal will be dismissed.

2. **Same—Failure of Case-Made to Show Attestation by Clerk—Expiration of Time for Correction.**

This court is without jurisdiction to consider an appeal where the case-made fails to show the attestation of the clerk of the trial court to the signature and certificate of the trial judge settling the case-made, and the seal of the trial court thereto, and which is not corrected in this respect within the six months' period for the filing of appeals in this court. Held, further, that said case-made cannot be corrected in this respect after the expiration of the period for appealing the case, so as to give this court jurisdiction to consider the appeal.

3. **Same—Failure to File Case-Made in Office of Trial Court Clerk.**

A case-made filed in this court in connection with a petition in error, which has never been filed in the office of the clerk of the trial court from which the appeal comes, is a nullity and cannot be considered by this court for the purpose of showing the proceedings of the court below.

4. **Same—Defective Case-Made not Considered as Transcript.**

Where a case-made is a nullity, because not served within time, the same cannot be considered as a transcript, where it is not certified by the clerk of the trial court.

5. **Same—Expiration of Time for Certifying Record as Transcript.**

Where more than six months have elapsed since the final order appealed from was made, it is too late to supply a certificate of the clerk of the trial court certifying to the record as a transcript.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action between M. L. Greer et al. and Louis Cohn. From judgment the former appeal. Dismissed.

John J. Carney for plaintiffs in error.

Cheek & McRill, for defendant in error.

PER CURIAM. Judgment was rendered in the district court of Oklahoma county in favor of the defendant in error and against the plaintiff in error on the 21st day of March, 1927. Motion for new trial was filed and overruled on the same day; notice of appeal given and time extended in which to make and serve case-made. Various orders were made extending the time in which to make and serve case-made, the last of which was made on August 1, 1927, extending the time to and including the 9th day of August, 1927, in which to make and serve case-made. The case-made was served on the 10th day of August, 1927. The parties hereto stipulated as to the correctness of the case-made and that the same might be settled without notice, and the case-made was settled and signed by the trial judge on the 12th day of August, 1927. The signature of the trial judge to the certificate is not attested by the court clerk, nor is the seal of the court affixed thereto. The case-made was not filed with the papers in the case in the office of the clerk of the trial court, and the record is not certified to by the clerk as a transcript.

The appeal was filed in this court on September 21, 1927. The defendant in error now moves the court to dismiss the appeal for the reason the case-made was not served

within the time provided by statute nor within the time allowed by the order of the court extending the time in which to make and serve case-made; also for the reason the signature of the trial judge to the certificate of settlement of case-made was not attested by the clerk of the court and the seal of the court affixed thereto, and for the further reason that the case-made was not filed with the papers in the case in the office of the clerk of the trial court and that by reason thereof the case-made is a nullity and presents nothing to this court for review, and that the same cannot be considered as a transcript for the reason the record is not certified by the clerk of the trial court.

Where plaintiff in error fails to make and serve case-made within the time allowed by statute or within the time as extended by the court, the same is a nullity and presents nothing to this court for review. Petty v. Foster, 122 Okla. 152, 252 Pac. 836; Harrison v. Reed, 81 Okla. 149, 197 Pac. 159.

Where a purported case-made attached to petition in error is filed in this court without the attestation of the clerk of the trial court to the certificate and signature of the trial judge, and without the seal of the court thereon, as provided in section 785, Comp. Stat. 1921, and such case-made is not corrected within the time limited for appeals to this court by section 798, Comp. Stat. 1921, this court is not authorized to review the matters therein, but upon motion such appeal will be dismissed. State ex rel. Gross v. American National Bank of Oklahoma City, 107 Okla. 265, 232 Pac. 52; Campbell v. Williams, 104 Okla. 274, 231 Pac. 226; Hillery v. Cox, 125 Okla. 124, 256 Pac. 915.

Case-made must be filed with the papers in the trial court, and unless so filed is a nullity, and this court does not have jurisdiction to review errors assigned. School District of Okmulgee County v. Hinchie, 62 Okla. 97, 162 Pac. 206; Dickerson v. Botchleott, 122 Okla. 252, 254 Pac. 80.

Where a case-made is a nullity, the same cannot be considered as a transcript where it is not certified by the clerk of the trial court. Martin v. Milnor, 52 Okla. 232, 152 Pac. 388; Dickerson v. Botchleott, supra.

The final order from which this appeal is attempted was made on the 21st day of March, 1927, and the appeal lodged in this court on September 21, 1927. More than six months having elapsed since the final order appealed from was made, it is now too late to supply the necessary certificate of the clerk of the trial court, certifying to the record as a transcrip. Buell v. American Indemnity Co., 72 Okla. 95, 178 Pac. 884; Dickerson v. Botchleott, supra.

Applying the above rules to the facts in the case at bar, it follows that the appeal in this cause should be and is dismissed.

Note.—See under (1) 4 C. J. p. 353, §1997; 2 R. C. L. p. 158; 1 R. C. L. Supp. p. 418. (2) 4 C. J. p. 369, §2031; p. 443, §2156; p. 496, §2242; anno. 30 A. L. R. pp. 721, 736; 2 R. C. L. p. 158; 1 R. C. L. Supp. p. 417; 5 R. C. L. Supp. p. 75. (3) 4 C. J. p. 376, §2046. (4) 4 C. J. p. 352, §1997. (5) 4 C. J. p. 443, §2156.