## SCHROYER v. BRACKEN.

No. 19835.   Opinion Filed Nov. 27, 1928.

E. V. Rakestraw, for plaintiff in error.

Bailey & McLaury, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Kiowa county in an action wherein the defendant in error was plaintiff and the plaintiff in error was defendant. The motion for new trial was overruled on the 18th day of April, 1928. Attached to the petition in error filed in this court is a purported case-made settled and signed by the trial judge. The signature of the trial judge to the certificate settling the case-made is not attested by the court clerk, nor is the seal of the trial court affixed thereto. The purported case-made was not filed with the clerk of the trial court after the same was settled and signed by the trial judge.

Where a purported case-made attached to the petition in error is filed in this court without the attestation of the clerk of the trial court to the certificate and signature of the trial judge and without the seal of the trial court affixed thereon, as provided by section 785, C. O. S. 1921, and such case-made is not corrected within the time limited for appeals to this court by section 798, C. O. S. 1921, such case-made brings nothing before this court for review, and upon motion the appeal will be dismissed. Greer v. Cohn, 129 Okla. 66, 263 Pac. 136; State ex rel. Gross v. American National Bank of Oklahoma City, 107 Okla. 265, 232 Pac. 52; Campbell v. Williams, 104 Okla. 274, 231 Pac. 226; Hillery v. Cox, 125 Okla. 124, 256 Pac. 915.

The case-made must be filed with the papers in the trial court, and unless so filed, it is no part of the record and is a nullity, and there is nothing before this court from which it may review errors assigned. Greer v. Cohn, supra; School District Okmulgee Co. v. Hinchie, 62 Okla. 97, 162 Pac. 206; Dickerson v. Botchleott, Adm'rs, 122 Okla. 252, 254 Pac. 80.

The purported record attached to the petition in error is not certified by the clerk as a transcript, and the alleged errors set

forth in the petition in error which might otherwise be reviewed upon transcript cannot be reviewed upon this record. Martin v. Milnor, 52 Okla. 232, 152 Pac. 388; Dickerson v. Botchleott, supra. The final order from which this appeal is taken was made on the 18th day of April, 1928, the six months in which to file an appeal expired on the 18th day of October, 1928, and it is therefore too late to supply the omissions in this purported record. Buell v. American Indemnity Co., 72 Okla. 95, 178 Pac. 884; Dickerson v. Botchleott, supra; Greer v. Cohn, supra. The certificate of the trial judge to the purported case-made not being attested by the clerk and the seal of the court affixed, such case-made is a nullity and brings nothing before this court for review. The purported case-made cannot be considered on a transcript, for the reason it is not so certified by the clerk of the trial court, and under the rule announced in the authorities above cited, the purported record cannot be corrected in these respects, and upon motion of the defendant in error this appeal is hereby dismissed.