## MERRY v. INDUSTRIAL BLDG. & LOAN ASS'N et al.

No. 20459.   Opinion Filed Sept. 24, 1929.

Franklin H. Griggs, for plaintiff in error.

Hunt & Eagleton, for defendants in error.

PER CURIAM. This is an appeal from an order of the district court of Tulsa county denying plaintiff in error's motion to vacate former order of the court appointing a receiver.

The plaintiff in error excepted to the order of the trial court sought to have reviewed and presented a bill of exceptions to the trial judge, who allowed and signed the same. The bill of exceptions was filed by the court clerk and thereby became a part of the record of the cause in the trial court.

What purports to be the original bill of exceptions is attached to the petition in error filed in this court. There is no certificate by the court clerk certifying to the purported record as presented to this court as a transcript as required by law, nor is there any attempt to present the record of the trial court by case-made. In the case of Vann v. Union Central Life Insurance

Co., 79 Okla. 17, 191 Pac. 175, this court announced the following rule:

"There are two ways of bringing a record to this court in support of a petition in error: (a) The party appealing may attach to his petition in error a case-made containing all the record, including evidence and statements of the exceptions without the necessity of having the exceptions reduced to writing allowed, and signed by the trial judge; (b) or the appealing party may attach to his petition in error a transcript of the record, and if he desires to bring to this court any part of the record other than the pleadings, the process, the return, reports, verdicts, orders and judgment, as provided for in section 5146, Rev. Laws 1910, he must incorporate the same into the record by bill of exceptions."

Where no case-made or certified transcript of the record is attached to the petition in error filed in this court as required by section 783, C. O. S. 1921, there is nothing before this court for review. Brown v. Oklahoma City, 107 Okla. 252, 231 Pac. 855. Where proceedings in error are by transscript of the record, the transcript must be certified as such by the clerk of the trial court. State ex rel. Freeling v. Brewer, 93 Okla. 143, 219 Pac. 895; Robinson v. Johnson, 90 Okla. 14, 215 Pac. 756; Hall v. Phoenix Insurance Co., 82 Okla. 158, 198 Pac. 999.

Section 783, C. O. S. 1921, provides that in all actions instituted by petition in error, the plaintiff in error shall attach to and file with the petition in error the original case-made or certified transcript of the record. There is no provision in our statute for withdrawing the original bill of exceptions from the files of the trial court except by leave of court, which was not obtained in this case. The original bill of exceptions presented in this case is a part of the record of the trial court and should remain on file with the court clerk of said court, and in order to present the same to this court for review a copy thereof should be incorporated in the transcript and duly certified to by the clerk of the trial court. In the case of Nave v. Central Life Insurance Co., 113 Okla. 76, 238 Pac. 424, wherein the entire record was designated as a bill of exceptions and was allowed and signed as such by the trial judge, the appeal was dismissed and the court announced the following rule:

"Where the appeal is by bill of exceptions and the entire record is not certified to as a transcript as provided by the rules of this court, the appeal will be dismissed."

No properly authenticated record of the proceedings of the trial court complained of being presented to this court with the petition in error, the appeal is dismissed.