## BLAND v. MORSE et al.

No. 19673. Opinion Filed Jan. 7, 1930.

A. E. Pearson and Warren H. Edwards, for plaintiff in error.

Chas. H. Garnett, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Oklahoma county in an action wherein plaintiff in error was plaintiff and Abbie Morse and R. P. Morse were defendants. The cause was tried to a jury and a verdict returned in favor of Abbie Morse and judgment rendered upon the verdict. No summons was served on R. P. Morse nor did he appear in any proceedings before the trial court; he is therefore not before this court. From the judgment the plaintiff appeals. The record prepared and presented with the petition in error as a case-made is a nullity and brings nothing before this court for review for the reason the signature of the trial judge to the certificate settling the case-made is not attested by the clerk of the court and the seal of the court affixed. Campbell v. Williams, 104 Okla. 274, 231 Pac. 226; Hillery

v. Cox, 125 Okla. 124, 256 Pac. 915; Greer v. Cohn, 129 Okla. 166, 263 Pac. 136.

There are six assignments of error set forth in the petition in error, five of which can only be reviewed upon case-made and are not before this court for review for the reason the case-made is a nullity.

The record is certified by the clerk of the trial court as a transcript and as such is considered for the purpose of reviewing the only assignment of error in the petition in error that may be reviewed on transcript. This assignment of error alleges error of the trial court in not rendering judgment for plaintiff on the pleadings.

The action was instituted for recovery on a promissory note, and the petition states cause of action. The separate answer filed by the defendant Abbie Morse states three separate and distinct defenses to the plaintiff's petition, the sustaining of any one of which would defeat the plaintiff's right of recovery. This condition of the pleadings presents an issue of fact to be determined upon the trial of the cause, and it was not error for the trial court to fail to examine the pleadings and render judgment thereon. There is, therefore, no merit in this assignment of error, and upon motion of the defendant in error, the judgment of the trial court is affirmed.

Note.—See "Appeal and Error," 4 C. J. § 1785, p. 184, n. 36; § 165, p. 443, n. 51.