**DUNCAN et al. v. SMITH et al.**

No. 20556. Opinion Filed April 7, 1931.

Grant Stanley and S. H. Hilton, for plaintiffs in error.

Everest, Dudley & Brewer, for defendants in error.

HEFNER, J. The defendants in error, as plaintiffs, brought this action in the justice court against the plaintiffs in error, as defendants, in forcible entry and detainer to recover possession of certain property in Oklahoma City.

Judgment was rendered by the justice court in favor of the plaintiffs, and on appeal to the district court judgment was again rendered in favor of the plaintiffs. Notice to quit was served on defendants on the 2nd day of May, 1928.

The plaintiffs in error contend (1) that the service of the notice was not in accordance with the statutory requirements of what is ordinarily termed a "thirty-day notice to vacate," and (2) that the proof of the loss of the copy and of its contents is insufficient.

Section 7344, C. O. S. 1921, is as follows:

'Thirty days' notice in writing is necessary to be given by either party before he can terminate a tenancy at will, or from one period to another, of three months or less; but where in any case rent is reserved, payable at intervals of less than 30 days, the length of notice need not be greater than such interval between the days of payment."

It is contended that 30 days' notice was not given. Notice was served on the 2nd day of May, and that month has 31 days, which leaves 29 days in the month of May after the service of notice. Notice was given to deliver possession on the 1st day of June. The defendants had until midnight of that day in which to deliver possession. The 29 days in May and one day in June make a total of 30 days.

Section 884, C. O. S. 1921, is as follows:

"The time within which an act is to be done shall be computed by excluding the first day, and including the last: if the last day be Sunday, it shall be excluded."

Under this statute the first day of service is excluded and the last day included. The notice as to time was therefore sufficient.

As to the loss and sufficiency of the proof as to the contents of the notice, the evidence discloses that the original notice was introduced in evidence in the justice court. On trial in the district court the notice had been lost. The record discloses that both its loss and contents were properly proven.

There being no prejudicial error, the judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur.

CLARK, V. C. J., absent.

KORNEGAY, J., not participating.