## MID-WEST LIFE ASS'N v. RIVERS.

No. 23860. Opinion Filed Nov. 29, 1932.

F. E. Young and W. A. Blakeburn, for plaintiff in error.

W. C. Austin and Robt. B. Harbison, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Harmon county. Attached to the petition in error filed in this court is a purported case-made, which shows that the signature of the trial judge to the certificate is not attested by the court clerk, and the seal of the trial court is not affixed thereto. The purported case-made was not filed with the clerk of the trial court after the same was settled and signed by the trial judge, and it was not certified by the court clerk as a transcript, or otherwise. Defendant in error has filed motion to dismiss and for judgment on supersedeas bond, and no response is filed.

Where a purported case-made is filed in this court without the attestation of the clerk of the trial court to the certificate and signature of the trial judge and without the seal of the trial court affixed thereon, as provided by section 785, C. O. S. 1921 [O. S. 1931, sec. 534], and such case-made is not filed in the trial court prior to the filing in this court, and such case-made is not corrected within the time limit for appeals to this court by section 798, C. O. S. 1921 [O. S. 1931, sec. 547], such case-made brings nothing before this court for review, and upon motion the appeal will be dismissed. Schroyer v. Bracken, 134 Okla. 106, 272 P. 1029; Greer v. Cohn, 129 Okla. 66, 263 P. 136; School District No. 26, Okmulgee County, v. Hinchie, 157 Okla. 90, 162 P. 206; Hillery v. Cox, 125 Okla. 124, 256 P. 915; Dickerson v. Botchleott, 122 Okla. 252, 254 P. 80.

Since this court acquired no jurisdiction by the attempted appeal, it has no jurisdiction to render a judgment on the supersedeas bond. The appeal is dismissed

Note.—See under (1) annotation in 30 A. L. R. 721, 736, 738.