### ILLINOIS BANKERS LIFE ASSURANCE CO. v. BELL.

No. 25528.   Dec. 27, 1934.

James H. Chambers and W. C. Farmer, for plaintiff in error.

McKeel & Fryer, for defendant in error.

PER CURIAM. This action was commenced in the trial court by the filing of a petition to foreclose a mortgage, and judgment was entered upon the note and mortgage as prayed, and thereafter the plaintiff in the trial court moved to retax an item of $500 as costs. The motion was filed after judgment and duly passed upon by the trial court and order entered overruling the motion to retax costs and notice given in open court of intention to appeal, and on page 3 of the brief of plaintiff in error, it is stated:

"Plaintiff appeals solely on the ground that the court erred in taxing as costs the fee allowed the guardian ad litem, said error occurring in the order of November 8, 1933, overruling the motion of plaintiff to retax the costs."

A motion has been filed to dismiss the appeal, and it is stated by the movant that the ruling of the trial court on the motion to retax costs cannot be reviewed by the Supreme Court unless made a part of the record by bill of exceptions or case-made.

The plaintiff in error states that it is possible to appeal by two methods in this state: one by case-made and one by transcript, and cites the cases of Brown v. Oklahoma City, 107 Okla. 252, 231 P. 855; Merry v. Industrial Bldg. & Loan Association, 138 Okla. 240, 280 P. 822; and Alford v. Alford, 148 Okla. 146, 297 P. 1057. It is true that these cases sustain the well-known rule that there are two methods of appeal to this court, one by case-made and one by transcript, but it also is a well-known rule of this court, too well established to need support of authorities, that this court will not review errors of the court occurring at the trial unless a motion for new trial is filed and an order overruling the same and the errors thereof brought to this court by bill of exceptions or case-made. Baker v. Tate, 41 Okla. 353, 138 P. 171. It is also a well-known rule of this court that motions made after judgment and the rulings thereon are not a part of the record unless presented to this court by bill of exceptions or case-made. Powell v. Nichols, 26 Okla. 734, 110 P. 762; Chase v. Byrnes, 147 Okla. 118, 294 P. 786.

We have examined the authorities cited by plaintiff in error, and they do not involve appeals where the question raised was the error of the trial court in overruling the motion to retax costs.

In the case of Cable v. Myers, 43 Okla. 302, 142 P. 1114, this court said:

"This court has repeatedly held that the

rulings of a trial court upon motion cannot be reviewed here unless such matters are made a part of the record by bill of exceptions or case-made."

In the case of Bruner v. Kansas Moline Plow Co., 24 Okla. 158, 103 P. 673, it was held:

"The only way that this court may reexamine the taxing of costs in the trial court is on appeal by means of bill of exceptions or case-made."

The appeal is therefore dismissed.