## HOPE v. PECK.

No. 2598. Opinion Filed July 22, 1913.

(134 Pac. 33.)

**APPEAL AND ERROR — Case-Made.** A case-made, having been served and settled within due time, without being filed with the clerk of the trial court, was attached to the petition in error, and filed in this court. The plaintiff in error having been permitted by this court to withdraw the case-made preliminary to filing it in the lower court, the same was filed in said court, but after the time for commencing the proceeding in error in this court had expired. Held, that the case-made is a nullity, and cannot be considered in this proceeding in error as presenting any question for review. Following **Ft. Smith & Western R. Co. v. McKee, ante, 132 Pac. 497; Brooks et al. v. United Mine Workers of America et al., 36 Okla. 109, 128 Pac. 236.**

(Syllabus by the Court.)

*Error from County Court, Kingfisher County;*
*John M. Graham, Judge.*

Motion to set aside former judgment, and to dismiss proceeding in error. Motion granted.

*D. K. Cunningham,* for defendant in error.

WILLIAMS, J. On May 13, 1913, the judgment of the trial court was reversed, and the cause remanded for a new trial. On June 6, 1913, and before the time expired, counsel

for defendant in error filed a motion to set aside said judgment, which shows service on counsel for plaintiff in error. In this motion to set aside the former judgment herein rendered, and to dismiss the proceeding in error, he states:

"First. That the case-made attached to plaintiff's petition in error herein was not filed in the county court, where said cause was tried and judgment originally rendered, within one year from the date of the rendition of the judgment, or the overruling of the motion for a new trial. The case in the court below was tried and judgment rendered on the 18th day of May, 1910, and journal entry filed on the 27th of May, 1910. See R. P. 103. The motion for a new trial in the court below was filed on the 24th day of May, 1910, and journal entry showing the overruling of same was filed on the 1st of June, 1910. See R. P. 111. The case-made was filed in the court below on the 23d of June, 1911, more than one year after the overruling of the motion for a new trial, and more than one year after the rendition of the judgment. Second. The petition in error, with case-made attached, was first filed in the Supreme Court on May 12, 1911, and by the clerk of this court, returned, for the reason that case-made was not filed in the court below. It was then filed in the court below on June 23, 1911. more than one year after the date of the judgment and final order; then brought back and filed in this honorable court on the 24th of June, 1911, more than one year after the date of the overruling of the motion for a new trial in the court below. * * * See back of record."

Though service of this motion on counsel for plaintiff in error has been shown, no response has been made in this court to said motion. No appearance was made by counsel for the defendant in error prior to the time of the delivering of the opinion heretofore handed down, to wit, on May 13, 1913, and, unless the question now presented for the first time is such that the case-made is a nullity, and cannot be considered for any purpose, mere irregularities or error have been waived by the defendant in error. The failure to appear and file a brief and raise questions as to irregularities or matters of error not going to jurisdiction constitutes a

waiver, and such question, as a rule, may not be raised for the first time in a petition for rehearing. *Brown et al. v. First National Bank,* 35 Okla. 726, 130 Pac. 140; *Cook v. State et al.,* 35 Okla. 653. 130 Pac. 300.

In *Brooks et al. v. United Mine Workers of America et al.,* 36 Okla. 109, 128 Pac. 236, syllabus is as follows:

"1. A case-made, duly served, was filed in the clerk's office September 9, 1910. It was not presented to the trial judge until September 28, 1910, when he settled and signed the same. His signature was not attested by the clerk, nor was the case-made refiled in the office of the clerk. *Held,* that the first filing by the clerk before the settling and signing by the trial judge was a mere nullity, not being authorized by law, and gave no force or virtue to the purported case-made.

"2. The final judgment in the case was entered July 11, 1910. On February 6, 1912, leave was asked by plaintiff in error to withdraw case-made for correction, and same was withdrawn and refiled in the office of the clerk of the trial court. *Held,* that the second filing was void and of no effect, as it occurred more than a year from the date of entry of the final order complained of, and the case-made, not being filed as required by section 6082, Comp. Laws 1909 (Rev. Laws 1910, sec. 5255), cannot be considered by this court, as presenting any question for review.

This case was followed and approved in *Ft. Smith & Western R. Co. v. McKee, ante,* 132 Pac. 497. See, also, *Marple v. Farmers' & Merchants' Nat. Bank,* 28 Okla. 810, 115 Pac. 1124; *St. Louis, I. M. & S. R. Co. v. Burrow,* 33 Okla. 701, 127 Pac. 478.

It follows that the case-made was a nullity, and, as the same was not certified as a transcript, cannot be considered by this court for any purpose.

The judgment heretofore rendered reversing and remanding the cause, with instructions to grant a new trial, is set aside, and an order here entered, striking the case-made from the petition in error and dismissing the proceeding in error.

HAYES, C. J., and KANE and TURNER, JJ., concur; DUNN, J., absent and not participating.