## *In re* BACON'S ESTATE.

## WAKEMAN v. GREENAN *et al.*

No. 7411.  Opinion Filed January 11, 1916.

(154 Pac. 512.)

1. **APPEAL AND ERROR — Case-Made — Settlement — Notice of Time and Place—Sheriff's Return.**  Where a sheriff's return filed in this court and attached to the case-made which is attached to the petition in error shows due notice to defendant in error of a time and place when and where the case-made will be presented for settlement, but the certificate of the trial judge settling the same omits to show the particular place of settlement, and only shows it was done at a time corresponding with such notice and within the proper judicial district, it is **held** (1) that such return is **prima facie** evidence of such notice, and (2) that it will be presumed, in the absence of anything appearing to the contrary, that the same was settled at the place specified in the notice.

2. **APPEAL AND ERROR—Case-Made—Filing—Dismissal.**  Where a petition in error, without case-made attached, is filed in this court, and afterwards, within the time allowed by law to commence proceedings in this court to review a judgment or order of a lower court, a case-made is also filed in this court, and then or later attached to the petition in error, there is at least substantial compliance with section 4442, Stat. 1893 (section 5240, Rev. Laws 1910), and this court acquires jurisdiction.

3. **APPEAL AND ERROR—Case-Made—Motion to Withdraw Letter and Response.**  Where a letter suggesting and the trial judge's response refusing amendments desired by defendant in error to a case-made are attached thereto, the bare statement that said letter and response are no part of the case-made, but were attached without authority of law or the knowledge or consent of the defendant in error, and is a private letter never filed in the trial court, is not sufficient to require this court, upon request of such defendant in error, to grant his request to withdraw the same.

(Syllabus by the Court.)

*Error from District Court, Coal County;*
*Chas. B. Wilson, Jr., Assigned Judge.*

Action by E. I. Wakeman, formerly guardian of Ellen Bacon, a minor, against Patsy Greenan, as guardian of Ellen Bacon, and another. Judgment for defendants, and plaintiff brings error, and defendants file motion to dismiss and ancillary motions to strike sheriff's return and withdraw a letter from the case-made. Motions overruled.

*Gordon Fryer,* for plaintiff in error.

*G. T. Ralls,* for defendants in error.

THACKER, J. This decision is upon a motion by defendants in error to dismiss the petition in error herein, and also upon the former's accompanying motion to strike a sheriff's return attached to the case-made to show due notice of presentment of case-made to the trial judge for settlement, and also upon the first-mentioned party's request for leave to withdraw from attachment to said case-made a letter from his attorney to the trial judge suggesting amendments and a response thereon by the latter refusing to allow the same and stating his reasons therefor. The essential facts, when not expressly stated, will be understood from the points decided.

The statutes (sections 4444, 4445, Stat. 1893, the same being sections 5242 and 5244, Rev. Laws 1910) do not prescribe any mode of service of such notice of presentment of case-made for settlement, nor any mode of proof of such service; and, although the mode of proof adopted in the instant case is not to be commended, said sheriff's return, being sufficient in form, is *prima facie* proof of such service *(Jones v. Balsley & Rogers et al.,* 25 Okla. 344, 106 Pac. 830, 138 Am. St. Rep. 921, and *R. L. McCloud & Co. v. Swisher,* 57 Kan. 205, 45 Pac. 593), there being nothing in the case-made nor in the

certificate of settlement of the same and no affidavit or other evidence offered by the movant showing that the recitals in said return are not true. The certificate of the judge settling the case recites that "on this the 7th day of October, 1915, in the county of ——, at ——, Oklahoma, and within the Twenty-Sixth judicial district, the above and foregoing case-made was presented," etc., for settlement; but, notwithstanding the omission of the county and the place therein at which the case was settled, it will be presumed, in the absence of anything appearing to the contrary, that the same was done at the place stated in said notice.

The mere fact that the petition in error was first filed herein without the case-made attached, the latter being filed afterward and now attached, both filings being within the six months period allowed for bringing cases to this court for review, does not defeat the jurisdiction of this court, and is not a ground for dismissal.

The bare statement that said letter and response thereon in regard to amendments of the case-made are no part of the case-made, and were attached without authority of law or the knowledge or consent of defendant in error, and is a private letter never filed in the trial court, is not sufficient to require this court to permit the requested withdrawal by the defendant in error.

All the Justices concur.