**BILBY v. STEIL et al.**

No. 12652—Opinion Filed May 2, 1922.

(Syllabus.)

**Appeal and Error—Time for Proceedings— Filing Case-Made.**

A case-made, having been served and settled within due time, without being attested by or filed with the clerk of the trial court, was attached to the petition in error and filed in this court. The case-made was by plaintiff in error withdrawn and filed in the trial court, but after the time for commencing the proceeding in error in this court had expired. Held, that the case-made is a nullity and cannot be considered in this proceeding in error as presenting any question for review. Following Hope v. Peck, 38 Okla. 531, 134 Pac. 33.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action by Matt Steil and another against N. V. Bilby. Judgment for plaintiffs. and defendant brings error. Dismissed.

W. O. Rittenhouse and John C. Graves, for plaintiff in error.

Watts & Watts, for defendants in error.

NICHOLSON, J. This case is before us on motion of the defendants in error to dismiss the appeal for the reason that the case-made was not filed in the trial court within the period of six months allowed by law during which the plaintiff in error might lodge his appeal in this court.

It appears from the response of the plaintiff in error to the motion to dismiss that the case-made was signed and settled by the trial judge on September 21, 1921; that on either the 21st or 22nd day of September, 1921, one of the attorneys for plaintiff in error took the case-made to the office of the court clerk of Wagoner county for the purpose of having the same certified and filed; that without any fault on the part of the court clerk, and through oversight of said attorney, said case-made was, before it had been certified and filed, taken from the office of said court clerk, attached to the petition in error, and sent to the clerk of this court; that on the 23rd day of September, 1921, having become aware of such omission or oversight, said attorney wrote the clerk of this court advising him of said omission, and requested a return of said case-made in order that it might be certified and filed in the trial court; that said case-made was returned, and thereafter on September 27, 1921, said case-made was presented to the court clerk of Wagoner county with the request that he file and certify the same as of date September 21, 1921; that this was done and the case-made was returned to the clerk of this court.

When a case-made is not attested by the clerk of the trial court and filed in his office after the same is settled and signed by the trial judge, the same is a nullity and cannot be considered by this court on appeal. Ft. Smith & Western Ry. Co. v. McKee, 38 Okla. 194, 132 Pac. 497.

In Hope v. Peck, 38 Okla. 531, 134 Pac. 33, it was held:

"A case-made, having been served and settled within due time, without being filed with the clerk of the trial court, was attached to the petition in error and filed in this court. The plaintiff in error having been permitted by this court to withdraw the case-made preliminary to filing it in the lower court, the same was filed in said court, but after the time for commencing the proceeding in error in this court had expired. Held, that the case-made is a nullity, and cannot be considered in this proceeding in error as presenting any question for review. Following Ft. Smith & Western R. Co. v. McKee, ante, 38 Okla.

194, 132 Pac. 497; Brooks et al. v. United Mine Workers of America et al., 36 Okla. 109, 128 Pac. 236."

The motion for a new trial was overruled on March 23, 1921, while the case-made was not filed in the trial court until September 27, 1921, which was after the expiration of the time for commencing the proceeding in error in this court, and said case-made is a nullity and cannot be considered as presenting any question for review.

Plaintiff in error contends that by reason of the stipulation by the attorneys for both parties attached to the case-made, by which it was agreed that the case-made was true, correct, and complete, and by which the defendants in error waived their right to suggest amendments, the case-made became the stipulation of the parties as to all matters of controversy, and thereafter the settlement of the same by the trial judge and the attesting, sealing, and filing by the court clerk neither added to nor detracted from the legality of the case-made or the issues between the parties over which this court acquired jurisdiction by the filing of the same within the time provided by law. This contention is without merit. By the admitted facts in this case, the case-made is a nullity, and cannot be considered as presenting any question for review.

The motion to dismiss is sustained, and the appeal dismissed.

HARRISON, C. J., and JOHNSON, McNEILL, and KENNAMER, JJ., concur.