**STATE ex rel. GROSS v. AMERICAN NAT. BANK OF OKLAHOMA CITY et al.**

No. 15298—Opinion Filed Nov. 12, 1924.

Rehearing Denied, Dec. 30, 1924.

(Syllabus.)

**Appeal and Error — Defective Case-Made— Time for Correction.**

Where a purported case-made attached to petition in error is filed in this court without the attestation of the clerk of the trial court to the certificate and signature of the trial judge, and without the seal of the court thereon, as provided in section 785, Comp. Stat. 1921, and such case-made is not corrected within the time limited for appeals to this court by section 798, Comp. Stat. 1921, this court is not authorized to review the matters therein, but upon motion such appeal will be dismissed.

Error from District Court, Choctaw County; Hal. Johnson, Assigned Judge.

Action between the State on relation of M. W. Gross and the American National Bank of Oklahoma City and others. From the judgment, the former brings error. Dismissed.

M. W. Gross, for plaintiff in error.

A. A. McDonald and R. E. Stephenson, for defendants in error.

GORDON, J. The question here presented arises upon the motion of defendants in error to dismiss the appeal upon the ground that the certificate of the trial judge to the case-made has not been attested by the clerk of the trial court, and that the seal of the court has not been attached thereto.

The final judgment appealed from was rendered on October 29, 1923. The petition in error, with purported case-made attached, was filed in this court on April 23, 1924. No certificate was included which would justify this court in reviewing the cause upon a transcript. The case-made bears the certificate of the trial judge, but there is no attestation by the clerk of the court, nor is the seal of the court attached.

On September 20, 1924, defendants in error filed in this court their motion to dismiss the appeal for the reasons therein stated. On September 24, 1924, plaintiff in error filed his "Motion for leave to amend and supply omitted parts of case-made." When these motions to dismiss and motion to amend were filed, the six-months period provided for perfecting the appeal to this court had expired. Plaintiff in error relies upon section 786, Comp. Stat. 1921, for his right to have the attestation of the clerk and the seal of the court added to the case-made after the expiration of the six-months period. Section 786 provides, in substance, that after the filing of a case-made in the appellate court, if there is omitted therefrom any matter of record in the lower court or any evidence heard at the trial, or any statement, certificate, or other matter, the appellate court may, on its own motion, or on the motion of any party, prepare such omitted parts and file such corrections with like force and effect as though such corrected or added parts had been originally inserted in the record or case-made when first filed, and that no appeal shall be dismissed by reason of such errors or omissions until an opportunity be given to supply such corrections. Such order to correct or leave to do so may be had at any time before the cause is finally decided by the appellate court.

There have been many decisions of this court holding that upon the failure to comply with the statutory requirements, as contained in section 785, Comp. Stat. 1921, this court is without authority or jurisdiction to review the case. The earlier decisions did not consider the provisions of section 786, and some of them were rendered prior to the adoption of that statute. A number of later decisions, however, in the face of this statute, have held that the statutory requirement as to the case-made must be substantially complied with before this court will undertake to review the matters contained in such case-made. Prior to the expiration of the six-months period fixed by statute within which appellate proceedings may be begun in this court, the right to amend and correct a case-made is clear. But after the expiration of this period, nothing can be done to confer jurisdiction upon this court. The jurisdiction must have attached by reason of the commencement of a proceeding within the time limited. Any other construction would nullify the provisions of section 798, Comp. Stat. 1921, which provides:

"All proceedings for reversing, vacating, or modifying judgment, or final order, shall be commenced within six months from the rendition of the judgment or final order complained of."

Plaintiff in error does not seek at this time to convert this proceeding into an appeal by transcript. This could not be done, for the reason that to allow a certificate of the record as a transcript to be attached at this time would be to commence a proceeding in error after the expiration of the six-months period fixed by the statute. We

have, therefore, to decide whether the case-made now, after the expiration of the six-months period, can be withdrawn from the files of this court so that the clerk of the trial court may attest it and place the seal of the court thereon. The only case cited by plaintiff in error in support of his right to correct the case-made at this time is that of In re Combs' Estate, 62 Okla. 33, 161 Pac 801. In that case the appeal was by transcript. The certificate of the clerk was attached to the transcript, but it was defective. Under section 786, supra, this court in the above case held that an amendment of the certificate was permissible, but it will be noted that the transcript bore a certificate of the clerk; there was no absolute lack of a certificate. In the opinion in that case the court says, on page 35:

"The case in this court coming nearest to sustaining the motion to dismiss is Jordan v. St. L. & S. F. R. Co., 42 Okla. 804, 143 Pac. 46. In that case, however, there was no certificate whatever, and the request to amend was first made upon rehearing and after a final decision dismissing the cause had been rendered by this court."

In the Combs Case, supra, the certificate sought to be amended was not one a form for which had been provided by statute.

Section 785, Comp. Stat. 1921, provides:

"The case and amendments shall, upon three days' notice, be submitted to the judge. who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be attached thereto. It shall then be filed with the papers in the case."

These statutory requirements, together with the filing of the petition in error attached to the case-made in this court, are necessary to the commencement of the proceedings on appeal, and must be had within the six-months period as fixed by the statute. Section 786, supra, was not intended to enlarge the period for commencing appellate proceedings, nor to change the requirements of section 785. It was intended to provide for the correction of matters contained in a case-made, prepared as directed in section 785. To hold otherwise would render the course of an appellate proceeding almost interminable.

In Bilby v. Steil, 86 Okla. 123, 206 Pac. 830, it is said in the syllabus:

"A case-made having been served and settled within due time, without being attested by or filed with the clerk of the trial court, was attached to the petition in error and filed in this court. The case-made was by plaintiff in error withdrawn and filed in

the trial court, but after the time for commencing the proceeding in error in this court had expired. Held, that the case-made is a nullity and cannot be considered in this proceeding in error as presenting any question for review. Following Hope v. Peck, 38 Okla. 531, 134 Pac. 33."

See, also, Fort Smith & Western Railroad Co. v. McKee, 38 Okla. 194, 132 Pac. 497; Hope v. Peck, 38 Okla. 531, 134 Pac 33, and cases there cited.

The lack of the attestation of the clerk and the seal of the court is of no less importance than the filing in the trial court.

We are therefore of opinion that the motion to dismiss should be sustained. The motion is sustained, and the appeal dismissed.

McNEILL, C. J., and NICHOLSON, HARRISON, JOHNSON, BRANSON, and WARREN, JJ., concur.