## HILLERY v. COX.

No. 17876. Opinion Filed Feb. 8, 1927.

Rehearing Denied June 14, 1927.

(Syllabus.)

1. **Appeal and Error—Lack of Jurisdiction of Appeal Where Case-Made not Attested in Time by Trial Court Clerk.**

This court is without jurisdiction to consider an appeal where the case-made fails to show the attestation of the clerk of the trial court to the signature and certificate of the trial judge, settling the case-made, and the seal of the trial court thereto, and which is not corrected in this respect, within the six months' period for the filing of appeals in this court. Held, further, that said case-made cannot be corrected, in this respect, after the expiration of the period for appealing the case, so as to give this court jurisdiction to consider the appeal.

2. **Same—Case-Made a Nullity Where not Filed with Court Clerk.**

A case-made filed in this court in connection with the petition in error which has never been filed in the office of the clerk of the trial court from which the appeal comes, is a nullity and cannot be considered by this court for the purpose of showing the proceedings in the court below.

3. **Same—Dismissal—Evidence no Part of Record Proper.**

The evidence introduced in the trial in the court below is no part of the record, unless brought up on a bill of exceptions or case-made, and where the appeal to this court is by transcript and the errors assigned are such as can only be presented by case-made or bill of exceptions, nothing is presented for review and the case will be dismissed.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by R. H. Hillery against J. D. Cox. From the judgment of the trial court in favor of defendant, plaintiff appeals. Dismissed.

H. B. Lockett, for plaintiff in error.

J. W. Marshall, for defendant in error.

PER CURIAM. Judgment was rendered in the trial court on April 12, 1926. On April 15, 1926, motion for new trial was filed, and on the same day the motion for new trial was overruled. This appeal was lodged in this court on October 14, 1926, by filing petition in error with case-made attached.

. Defendant in error has filed his motion to dismiss the appeal for the reason the certificate of the trial judge settling case-made and his signature thereto is not attested by the court clerk and the seal of the court attached. Also, that case-made was not filed with the papers in the trial court, and for these reasons this court is not authorized to review the same.

This motion is well taken and must be sustained.

The certificate of the trial judge does not bear the signature of the clerk of the court attesting the same, nor is the seal of the court attached. No place in the record is to be found the evidence of the filing of the same with the papers in the case in the trial court and a certificate of the court clerk attached to the motion to dismiss discloses that the case-made was not filed, as required by section 785, C. O. S. 1921.

It has repeatedly been held by this court that the certificate and signature of the trial judge settling and signing the case-made must be attested by the clerk of the trial court and the seal of the court attached thereto. Otherwise, the case-made is a nullity. State ex rel. Gross v. American National Bank of Oklahoma City, 107 Okla. 265, 232 Pac. 52; Campbell v. Williams, 104 Okla. 274, 231 Pac. 226.

The case-made must be filed with the papers in the trial court, and unless so filed is a nullity, and this court does not have jurisdiction to review errors assigned. School District No. 30 of Okmulgee County v. Hinchie, 62 Okla. 97, 162 Pac. 206; Banks v. Watson, 40 Okla. 450, 139 Pac. 306.

The statutory period for perfecting this appeal has expired, and the case-made has not been corrected within the time for perfecting the appeal. The case-made cannot now be corrected in this respect. State ex rel. Gross v. American National Bank of Oklahoma City, supra; Bilby v. Steil, 86 Okla. 123, 206 Pac. 830.

Counsel for appellant says in his response that the record is certified as a transcript and is not intended as a case-made and the only issue being upon the bill of particulars.

In the trial court, plaintiff in error sought to enjoin the enforcement of certain judgments where the proceedings terminating in said judgment arose in justice of the peace court, and the bill of particulars referred to appears in the case-made only as having been introduced in evidence at the trial in the court below, and appearing only in this manner, is not a part of the record that can be reviewed on transcript. Exchange National Bank of Ardmore v. Merritt et al., 108 Okla. 184, 235 Pac. 180.

The record is also certified as a transcript. The motion, evidence, and order of the court thereon are not a part of the record, and can only be made so by bill of exceptions or case-made, and the errors assigned in the instant case cannot be considered on a transcript. Laird v. Bannon, 31 Okla. 627, 122 Pac. 180; Tribal Development Co. v. White Bros., 28 Okla. 525, 114 Pac. 736; Blumenfield v. Anthis, 107 Okla. 90, 230 Pac. 228; Alexander v. Jacobs, 101 Okla. 149, 224 Pac. 527.

In the case of Blumenfield v. Anthis et al., 107 Okla. 90, 230 Pac. 228, in a case similar to the case at bar, this court said:

"The plaintiff in error bases his right to a reversal of the judgment upon the alleged error of the trial court in its conclusion of law based on its findings of fact contained in journal entry of judgment. These so-called findings of fact appear to be based upon the construction given by the trial court to a bill of sale offered in evidence, but such instrument is not contained in the record, and the recitations in the journal entry are so indefinite that it is impossible for us to intelligently pass thereon. While the record is styled a case-made and is settled and signed as such by the trial judge, it is merely a transcript, and the errors assigned are such that they could only be presented by case-made or bill of exceptions."

For the reasons herein set forth and upon the authorities cited, this cause is dismissed.

Note.—See under (1) 4 C. J. p. 370, §2033; p. 371, §2034 (Anno.) (2) 4 C. J. p. 378, §2048 (Anno). (3) 4 C. J. pp. 133, 136, §1752: p. 212, §1810; 2 R. C. L. p. 128; 6 R. C. L. Supp. p. 68.