## PASELL v. PASELL.

No. 19426.   Opinion Filed Sept. 25, 1928.

(Syllabus.)

**Appeal and Error—Appeal by Transcript Dismissal Where Case-Made or Bill of Exceptions Necessary to Present Errors.**

Where an appeal to this court is by transcript and errors assigned are such that can only be presented by case-made or bill of exceptions, nothing is before this court for review, and the appeal will be dismissed.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by Henry Pasell against Hattie Pasell for divorce. Judgment for plaintiff, and defendant appeals. Dismissed.

C. R. Reeves, for plaintiff in error.

Everest & Brewer, for defendant in error.

PER CURIAM. This is an appeal from the judgment and decree of divorce rendered in the district court of Oklahoma county in favor of the defendant in error. The appeal is by transcript of record attached to petition in error. We have examined the petition in error and find the assignments of error set forth therein are such as require an examination of the evidence introduced in the trial of said cause, and can be reviewed only by bill of exceptions or case-made. In the case of Alexander v. Jacobs, 101 Okla. 149, 224 Pac. 149, in the second paragraph of the syllabus thereof, this court said:

"Where the errors alleged are of such a nature that they cannot be reviewed upon transcript of the record, and no case-made or bill of exceptions was served and allowed, or filed, the appeal will be dismissed."

And in the case of Blumenfeld v. Authis, 107 Okla. 90, 230 Pac. 228, this court in the syllabus thereof said:

"Where the appeal to this court is by transcript and the errors assigned are such that they could only be presented by case-made or bill of exceptions, nothing is presented for review, and the appeal will be dismissed." See, also, the case of Hillary v. Cox, 125 Okla. 124, 256 Pac. 915.

No attempt is made to bring the evidence introduced in the trial of the cause into the record filed in this court, and under the rules laid down in the authorities above cited, there is nothing before this court for review. The appeal is dismissed.

Note.—See 4 C. J. p. 180, §1786; p. 570, §2380.