THE STATE OF FLORIDA, Ex Relatione J. W. GILLESPIE, L. F. RODGERS, and JAMES G. MARTIN, *Relators*, vs. ED JOHNSON, Chairman, L. O. UPSON, J. E. PIERCE, C. M. BINGHAM and W. H. COURTNEY, as and constituting the Board of Bond Trustees of Ocean Shore Improvement District, a Special Taxing District in Flagler and Volusia Counties, Florida, and existing under the laws of the State of Florida, *Respondents*.

137 So. 126.

Division A.

Opinion filed October 17, 1931.

164 

*Vocelle & Mitchell* and *H. A. Lassiter,* for Relators;
*B. F. Brass,* for Respondents.

BUFORD, C.J.—The Relators filed petition for writ of mandamus to issue to the Respondents to require the Respondents as and constituting the Board of Trustees of Ocean Shore Improvement District, a special taxing district in Flagler and Volusia Counties, Florida, to convene and make and submit to the Boards of County Commissioners of Flagler and Volusia Counties, Florida, instanter, a careful estimate of the amount of money necessary to be raised by taxation against the taxable property in said District for the year 1931 to pay the interest upon and create a sinking fund for the payment of the principal of the bonds of said District, in the amount as set forth in paragraph 19 of this petition, and that upon the making and preparing of said estimate that the said Board of Bond Trustees be required to submit the same to the Boards of County Commissioners of Flagler and Volusia Counties, Florida, for the making of a tax levy thereon and in accordance therewith by said Boards.

That the respondents Ed Johnson, Chairman, W. H. Courtney, Secretary, as such Chairman and Secretary of said Board of Bond Trustees be required to sign such notices, resolutions and certificates as are necessary and required to be given or passed in order to carry into effect the provisions of the writ so to be issued, alleging that it was the duty of the respondents to perform such acts under the provisions of Chapter 10013 Acts of 1923, 10562 Acts of 1925, chapter 10952 Acts of 1925, chapter 12735 Acts of 1927 and chapter 12727 Acts of 1927, creating and amending the acts creating a Special Taxing Road District in

Flagler and Volusia Counties, Florida, known as Ocean Shore Improvement District and providing for the construction of certain designated roads therein.

The alternative writ of mandamus was issued and served on the Respondents and they have filed their answer admitting all the material allegations of the petition for writ of mandamus, but alleging in effect that they have been divested of all authority in the premises by the passage of an Act at and by the regular session of the Florida Legislature of 1931, which was known as House Bill No. 1306 and became a law on June 15th, 1931, without approval of the Governor, and thereupon took effect. The relators have filed motion for peremptory writ alleging that the 1931 Act of the Legislature is, for various reasons, unconstitutional, null and void. An inspection of the Act in question reveals that it is only necessary for us to determine whether or not Section 20 of the Act is a valid provision thereof.

The title of the Act is restrictive and is as follows:

"AN ACT PROVIDING FOR DEPOSITORY OF SINKING FUNDS AND DELINQUENT TAXES AND OTHER MONEYS FOR THE OCEAN SHORE IMPROVEMENT DISTRICT IN FLAGLER AND VOLUSIA COUNTIES, FLORIDA, OR OTHERWISE, AUTHORIZING THE ISSUANCE OF REFUNDING BONDS BY SAID OCEAN SHORE IMPROVEMENT DISTRICT, AND PROVIDING FOR THE CREATION OF A BOARD OF ADMINISTRATION AND THE DISBURSEMENT OF SUCH FUNDS TO PAY SUCH INDEBTEDNESS AND THE USE OF ANY SURPLUS FOR THE CONSTRUCTION AND MAINTENANCE OF OCEAN SHORE BOULEVARD IN SAID OCEAN SHORE IMPROVEMENT DISTRICT."

Section 20 of the Act provides as follows:

"The Board of Trustees of the Ocean Shore Improvement District in Flagler and Volusia Counties, Florida, immediately upon their compliance with the requirements of this Act as to the furnishing of information

concerning all records, etc., shall cease to act in any capacity whatsoever and their said office or offices shall be, and are hereby abolished. The Boards of County Commissioners of Flagler County and Volusia County, Florida, shall perform such duties and have such control over the said Ocean Shore Boulevard in said Ocean Shore District in Flagler and Volusia Counties, Florida, as may be necessary and proper and not conflict with the provisions of this Act relative to the Board of Administration of said road lying within their respective County.''

Section 21 of the Act provides as follows:

''This Act shall not be considered or construed as repealing any other Act or Acts which shall be considered and construed as being supplemental thereto.''

It is uncontradicted that until the passage of House Bill No. 1306 the Respondents were by law required to perform the duties the performance of which is here sought to be accomplished and was in the alternative writ commanded.

As heretofore stated, the title of House Bill No. 1306 was restrictive and it included nothing from which it might be assumed that the provisions of section 20 would be included therein. The Act itself appears to have contemplated that the duties of the Trustees, the performance of which is here sought to be required, would remain unchanged. Section 44 of the Act provides:

''The Board of Trustees of said Ocean Shore Improvement District in Flagler and Volusia Counties, Florida, is hereby required to furnish to the Clerk of the Circuit Court of Volusia County, Florida, a statement containing the same information required to be furnished in Section 5 of this Act.''

Section 15 of the Act provides in part as follows:

''After the Board of Administration shall estimate the amount applicable to interest and principal and/or sinking fund requirements, the Comptroller shall give notice to the Board of County Commissioners of Volusia County, Florida, and/or the officials charged with the administration of said Ocean Shore Improvement Dis-

trict in Flagler County, Florida, of the estimated amount available for application to interest and principal, and/or sinking fund requirements. In the event the amount to be applied is sufficient to meet all maturing principal and interest and sinking fund requirements no advalorem tax for the fiscal year in such Ocean Shore Improvement District in Flagler and Volusia Counties, Florida, shall be levied or made for such requirements as to the bonds of said district. In the event the amount so to be applied is not sufficient the Board of County Commissioners of Flagler County, Florida, and the Board of County Commissioners of Volusia County, Florida, shall levy a tax on all property in their respective counties within said Ocean Shore Improvement District in Flagler, and Volusia Counties, Florida, which shall be sufficient to raise an amount of money equal to the difference between the amount of such requirements and the amount available to such Ocean Shore Improvement District in Flagler and Volusia Counties, Florida, as hereinabove set forth, and such amount so levied shall be included in the annual budget for the year for each said county, and shall be included in the tax next to be levied by each said County after the receipt of notice for the same.''

It, therefore, appears that there remains a field of operation for the Trustees as section 4 provides certain duties to be performed by the Trustees and section 15 provides that the comptroller shall give notice to the Board of County Commissioners of Volusia County, Florida, and/or the officials charged with the administration of said Ocean Shore Improvement District in Flagler County, Florida, of the estimated amount available for application to interest and principal and/or sinking fund requirements. When this notice has been given to the Trustees, the respondents here, the Trustees may thereupon determine under the provisions of the former Legislative Acts the amount of the tax required to be levied to meet the demands of the district and certify the same to the Board of County Commissioners of each of said Counties. As such field of operation appears to have been left open for the performance of

168

duties by the Trustees and as it appears that the provisions of section 20 of House Bill No. 1306, Acts of 1931, were not included within the purview of the limited title to the Act and are not so properly connected with the express provisions of such title as to constitute notice of the inclusion thereof in such Act, the provisions of such section were improperly included in the Act and are void. The remainder of the Act, however, is not affected by the elimination of the provisions of this section.

Not only is the field which is left for the operation of the Trustees apparent, but it also appears to be of considerable importance. If the determination of the tax to be levied in Volusia County is left to the discretion of the County Commissioners of Volusia County, while the tax to be levied in Flagler County is to be left to the discretion of the County Commissioners of Flagler County, it might result in a part of the District being required to pay disproportionate amount of the total tax. While, if the amount of the entire tax of the District is to be determined by the Trustees, it will necessarily follow that the same proportion of the tax will be levied on all property throughout the district.

The motion for the issuing of the peremptory writ should be granted and it is so ordered.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.