STATE OF FLORIDA on the Relation of JAMES A. URQUHART, *Relator*, vs. ED JOHNSON, as Chairman, L. O. UPSON, et al., as members of and constituting the Board of Bond Trustees of Ocean Shore Improvement District, a special taxing district in Flagler and Volusia Counties, Florida, *Respondents*.

145 So. 880.

Division B.

Opinion filed January 9, 1933.

*Paul W. Harvey* and *Waller & Pepper,* for Relator;
*Francis P. Whitehair* and *Hull, Landis & Whitehair,* for Respondent.

BUFORD, C.J.—This case is before us on motion to quash alternative writ of mandamus directed to the Respondents, commanding them:

"As and constituting the Board of Bond Trustees of Ocean Shore Improvement District, a Special Taxing District in Flagler and Volusia Counties, Florida, and existing under the laws of the State of Florida, that you forthwith convene as such Board of Bond Trustees and make and submit to the Boards of County Commissioners of Flagler and Volusia Counties, Florida, instanter, a careful estimate of the amount of money necessary to be raised by taxation against the taxable property in said district for the year 1932 to pay the principal and interest on the certificates of indebtedness of said District in the amount as set forth in paragraph 3 of this writ, and that you do forthwith upon the making and preparing of said estimate submit the same to the Boards of County Commissioners of Flagler and Volusia Counties, Florida, for the making of a tax levy thereon and in accordance therewith, and that you, the said Ed Johnson, as Chairman of said Board of Bond Trustees do forthwith sign such notices, resolutions and certificates as are necessary and required to be given or presented in order to carry into effect the mandatory provisions of this writ;"

The 10th, 11th and 12th grounds of the motion to quash are based upon the failure of the allegations of the alternative writ to show that the notices required by section 15 of chapter 14776, Laws of Florida, Acts of 1931, to be given by the Comptroller of the State of Florida to the County Commissioners of Volusia County or to the officials charged with the administration of the said Ocean Shore Improvement District in Flagler County, of the estimated amount of funds in hands of the Board of Administration of Ocean Shore Improvement District available to the application to the interest and principal and/or the sinking fund requirement of the said Ocean Shore Improvement District for the year 1932 have been given.

In State ex rel. Gillespie v. Johnson et al., in which

627

opinion was filed October 17, 1931, reported 137 Sou. 126, we held:

> "It therefore appears that there remains a field of operation for the trustees as section 4 provides certain duties to be performed by the trustees and section 15 provides that the comptroller shall give notice to the Board of County Commissioners of Volusia County, Fla., and/or the officials charged with the administration of said Ocean Shore Improvement District in Flagler County, Fla., of the estimated amount available for application to interest, and principal and/or sinking fund requirements. When this notice has been given to the trustees the respondents here, the trustees may thereupon determine under the provisions of the former legislative acts the amount of the tax required to be levied to meet the demands of the district and certify the same to the board of county commissioners of each of said counties."

The point raised by the demurrer in this regard is well taken.

That the Comptroller shall give notice to the Board of County Commissioners of Volusia County and/or the officials charged with the administration of said Ocean Shore Improvement District in Flagler County of the estimated amount available for application to interest and principal and/or sinking fund requirements is a statutory prerequisite to the vesting of authority and imposing the duty upon the Board of Bond Trustees to determine the tax required to be levied to meet the demands of the district and to certify the same to the Board of County Commissioners.

It is not enough for the writ to allege that all things required to be done and all duties required to be performed to entitle the relators to the relief prayed have been done and performed. The duties of the Board of Trustees in this respect are statutory and they are not required under the statute to perform that duty here

sought to be required of them until the Comptroller, who is not a party to this proceeding, shall have filed the certificate required by the statute, which certificate constitutes a basis from which the Trustees must work to determine what may be the necessary balance to be raised by taxation to meet the requirements of the district in regard to bond debt and interest service.

The motion to quash should be overruled as to grounds from 1 to 9, inclusive, and the motion to quash should be granted on grounds 10, 11 and 12, with leave to the Relators to amend the writ within ten days from the filing of this order. It is so ordered.

Alternative writ quashed, with leave to amend.

TERRELL AND BROWN, J.J., concur.

WHITFIELD, J., concurs specially.

DAVIS, J., dissents.

WHITFIELD, J. (Specially Concurring)—When Chapter 12733, Acts of 1927, under which the certificates of indebtedness, called bonds by the Act, were issued, the Board of Bond Trustees of Ocean Shore Improvement District were the custodians of the funds of the district, and the trustees by reason of such custody, were thereby enabled to and were by the Act required to use designated funds that might be in hand to pay certificates of indebtedness issued under the Act; and if such funds be inadequate such district board was required to submit a careful estimate to the boards of county commissioners of Flagler and Volusia Counties of the amount of money necessary to be raised by special tax to pay the interest upon and create a sinking fund for the payment of the certificates of indebtedness issued under the Act.

Chapter 14776, Acts of 1931, made the State Treasurer ex officio custodian of the district funds, placed the disbursement of such funds in the State Board of Administration, and required the State Comptroller, a member

of such Board, to advise the county commissioners of Volusia County and "the officials charged with the administration of said Ocean Shore Improvement District in Flagler County, Florida, of the estimated amount available for application to interest and principal and/or sinking fund requirements." The county commissioners are required to levy a special tax sufficient to supply the balance of the amount required to pay the certificates of indebtedness issued under the Act of 1927.

The change in the administrative officers by the Act of 1931 does not impair the obligation of the contract involved in the certificate of indebtedness issued by the district under the Act of 1927. Statutes may change the officers to administer a public bond fund when the change does not impair or unduly burden the rights of the bond holders. 16 Fla. 757, 616.

In State ex rel. Gillespie v. Johnson, 103 Fla. 163, 137, So. 126, it was held that the statutory duties of the State Board of Administration, under the Act of 1931 to administer the district funds, do not take from the district trustees the duty under the Act of 1927 to estimate and report to the county commissioners of each county the amount required from tax levies to pay the certificates.

The requirement that the Comptroller, who is one of the statutory administrators of the district funds under the Act of 1931, shall report to the local officers the amount available independent of the amounts to be raised by taxation to pay the certificates, and the requirements of the Act of 1927 that the district trustees shall estimate and report to the county commissioners of each county the amounts to be raised by special tax to pay the certificates of indebtedness, puts no undue burden on the certificate holders, and does not impair the obligations of the certificate contracts.

If the conservation of the district funds required a

statutory change in the official administrators of the funds, such change is advantageous to the certificate holders and they may be required to deal with the new administrative officials without impairing the obligation of their contract rights, particularly when such administrative changes secure payments of the certificates which payments would or might otherwise be jeopardized.

In view of the permissible statutory changes that have been made in administering the district funds, it is not sufficient to allege merely that the district trustees have no funds on hand with which to pay the certificates of indebtedness and that therefore it is the duty of the trustees to report to the county commissioners an estimate of the taxes to be levied for paying the certificates; for *non constat* the State Board of Administration, the new administrators of the district funds, have at least some money that is applicable to paying the certificates; and certainly such Board of Administration, and the Comptroller, who is one of the present administrators of the district funds, and not the district trustees, have means of estimating how much money is on hand or how much tax money will be needed to pay the certificates of indebtedness as they become payable; and the Comptroller is required by the Act of 1931 to report to the local officers the amount available for certificate payments from sources other than district taxes.

A part of the duties in administering the district funds that were put upon the district trustees by the Act of 1927 under which the certificates were issued, have been by the Act of 1931 put upon the State Board of Administration and upon its members severally, and some of such duties of the district trustees under the Act of 1927, remain upon the district trustees under the Act of 1931; and as such administrative changes do not unduly

burden or impair the obligation of the certificate contracts, the relator should proceed appropriately against the new administrative officers in pursuing his rights in the payment of the certificates held by him.

BUFORD, C.J., AND TERRELL AND DAVIS, J.J., oncur.