## COWAN v. YOUNG, Sheriff.

No. 23392.   Opinion Filed May 9, 1933.

Rehearing Denied May 31, 1933.

J. H. Long, for plaintiff in error.

Jerome Sullivan, for defendant in error.

PER CURIAM.   On the 29th day of August, 1931, plaintiff filed an action against the sheriff of Stephens county, attemping to enjoin the sale of certain property about to be sold for taxes.   After judgment had been entered by the court on the 5th day of September, 1931, a motion for new trial was filed and the same was overruled on the 5th day of September, 1931.

The petition in error raises two grounds, both of which require a review of testimony, inasmuch as the pleadings do not reveal what tax lien was granted, or upon what basis the sheriff was acting unless there is a review of the testimony.

Subsequent to the order overruling motion for new trial, a bond was executed and filed on the 8th day of September, 1931, and then the only matter of record shows to be a certificate of the court clerk, under date of the 14th day of September, 1931, which is as follows:

"State of Oklahoma, Stephens County, ss.

"I, Opal Turner, the duly elected, qualified and acting court clerk in and for said county and state, do hereby certify that the within and foregoing is a full, true, complete and correct transcript of the record in the above and foregoing entitled and numbered cause as the same appears of record and on file in my office.

"Witness my hand as such court clerk this the 14 day of September, 1931.   Opal Turner, Court Clerk, Stephens County, Oklahoma."

Service of case-made acknowledged by Jerome Sullivan, attorney of record for the above named E. R. Young, sheriff, and a stipulation which appears at the case-made, page 43, waives the suggestion of any amendments to the within and foregoing case-made, and agrees and consents that the same may be signed and settled by the judge who tried said cause at any time or place that may suit his convenience, as a full, true, complete, and correct case-made in said cause.

The case-made was never settled and signed by the judge subsequent to that time, and under chapter 2 of art. 4, page 5, of the Session Laws 1931, it is unnecessary with this stipulation in the record for the case-made to be settled and signed, but that provision of our law after providing that the case-made may be agreed to by stipulation has the following provision:

"* * * And the record of case-made shall thereupon be filed with the papers in the case, and all other * * * proceedings had and done therewith as is now provided by law for a record or case-made settled, certified and signed by the trial judge." Section 1.

The last above-named chapter still provides that, although the signing and settling may be waived by the parties and dispensed with by the court or judge, it still has to be certified by the clerk of the court, said certificate to be incorporated in the record or case-made, and it still has to be filed with the papers in the case and withdrawn and filed in the Supreme Court. The

respondent has filed an application to withdraw case-made for the purpose of filing with the clerk of the trial court.

In the case of Hillery v. Cox, 125 Okla. 124, 256 P. 915, this court said:

"The statutory period for perfecting this appeal has expired and the case-made has not been corrected within the time for perfecting the appeal. The case-made cannot now be corrected in this respect."

Since the two matters alleged in the petition in error can only be reviewed upon the evidence, and since the case-made filed in this court in connection with said petition in error has never been filed in the office of the clerk of the trial court from which the appeal comes, the same is a nullity and cannot be considered by this court for the purpose of showing the proceedings in the court below, not arising upon the record.

The appeal is, therefore, dismissed.