STEWART et al. v. STEPHENS et al.

No. 31988. Feb. 26, 1946.

*166 P. 2d 430.*

S. S. Lawrence, of Tulsa, for plaintiffs in error.

528

Thompson & Ingersoll and H. W. Conyers, all of Tulsa, for defendants in error.

PER CURIAM. The order overruling the motion for new trial in the case at bar was entered on the 13th day of April, 1944, and on October 13, 1944, the petition in error with case-made attached was filed herein. The defendants in error have filed a motion to dismiss because the case-made was neither attested by the court clerk after being settled and signed by the judge nor filed with the papers in the case as provided by 12 O. S. 1941 § 958. The plaintiffs in error requested permission of this court and obtained leave to withdraw the case-made to show that through inadvertence and mistake the court clerk failed to attest the same and affix the seal of the court and mark the case-made filed with the papers in the case.

The case-made as returned wholly fails to meet the requirements that a case-made shall be duly authenticated and filed with the papers in the case. It is attested and the seal placed thereon under date of October 24, 1945. It is marked filed by the court clerk on the same date.

In State ex rel. Gross v. American Nat. Bank, 107 Okla. 265, 232 P. 52, we stated:

"Where a purported case-made attached to petition in error is filed in this court without the attestation of the clerk of the trial court to the certificate and signature of the trial judge, and without the seal of the court thereon, as provided in section 785 Comp. Stat. 1921, and such case-made is not corrected within the time limited for appeals to this court by section 798, Comp. Stat. 1921, this court is not authorized to review the matters therein, but upon motion such appeal will be dismissed."

In Hillery v. Cox, 125 Okla. 124, 256 P. 915, we held:

"A case-made filed in this court in connection with the petition in error, which has never been filed in the office of the clerk of the trial court from which the appeal comes, is a nullity and cannot be considered by this court for the purpose of showing the proceedings in the court below."

The plain purport of these opinions is that the case-made cannot be authenticated or filed after the time for the appeal has expired. The time in which the petition in error and case-made could be filed in the Supreme Court expired on the 13th day of October, 1944. We are of the opinion, and hold, that the plaintiffs in error have attempted to have the case-made authenticated and filed in the clerk's office after the time for appeal has expired within the ruling of the above-cited cases.

The appeal is dismissed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.