NELSON V. BEN FRANKLIN REFINING CO. et al.

No. 33236. Nov. 9, 1948.

*199 P. 2d 209.*

Sam Y. Colby, of Madill, for plaintiff in error.

James C. Hamill and Reuel W. Little, both of Madill, for defendant in error.

ARNOLD, J. This is an action by Anna Lula Nelson against Ben Franklin Refining Company, a corporation, and Basin Construction Company, a corporation. General and special demurrers to plaintiff's petition were sustained and the cause dismissed.

This appeal must be dismissed because the record presents nothing to. this court for review as will hereafter appear.

This appeal purports to be by petition in error and case-made, and was settled by stipulation of attorneys under the provisions of 12 O. S. 1941 §966. However, this is really an appeal by transcript for the reason that the case was disposed of in the trial court on general and special demurrers to plaintiff's petition. Whether the record be considered as a transcript or as a case-made, it is a nullity and presents nothing for review because there is no certificate of the court clerk of Marshall county showing that this record is a true, correct, and complete transcript of the papers in the case on file in his office as required by 12 O. S. 1941 §956, or as required by 12 O. S. 1941 §966.

In the case of Cowan v. Young, Sheriff, 164 Okla. 56, 22 P. 2d 372, this court had under consideration the provisions of 12 O. S. 1941 §966, which authorizes the settlement of a case-made by stipulation of attorneys, as was attempted to be done in this case, and in the body of the opinion, after setting out the provisions for settlement of case-made by stipulation, used this language:

" . . . but that provision of our law after providing that the case-made may be agreed to by stipulation has the following provision: ' . . . And the record or case-made shall thereupon be filed with the papers in the case, and all other . . . proceedings had and done therewith as is now provided by the law for a record or case-made settled, certified and signed by the court or judge.' "

In that case the case-made contained testimony adduced upon the trial, but there being no certificate of the court clerk, as required by section 966, Id., the court held that nothing was presented for review either by transcript or by case-made.

Since the record in the instant case is neither a transcript nor a case-made, as each is required to be authenticated, nothing is presented which this court is authorized to review. The final order from which this appeal is prosecuted was entered March 17, 1947. Therefore, the time within which the record might be withdrawn and corrected has long since expired. In the case of Hillery v. Cox, 125 Okla. 124, 256 P. 915, where a similar situation was presented, this court said:

"The statutory period for perfecting this appeal has expired, and the case-made has not been corrected within the time for perfecting the appeal. The case-made cannot now be corrected in this respect."

For the reasons stated, this appeal is dismissed.

HURST, C. J., and RILEY, BAYLESS, WELCH, CORN, and GIBSON, LUTTRELL, JJ., concur.