ALBERT v. DALBEY et al.

No. 34062.   Oct. 11, 1949.

*210 P. 2d 659.*

Malcolm E. Rosser, of Muskogee, for plaintiff in error.

Banker & Bonds, of Muskogee, for defendants in error.

LUTTRELL, J. Plaintiff Carl S. Dalbey brought an action in mandamus against Claud Hamilton, as county treasurer of Muskogee county, in which E. A. Albert intervened. On November 23, 1948, the trial court rendered judgment in favor of the plaintiff. Intervener E. A. Albert filed motion for new trial which was overruled by the trial court on November 27, 1948, and intervener appealed to this court by petition in error and case-made, the case-made being filed March 23, 1949.

On June 30, 1949, and more than six months after the motion for new trial had been overruled, Dalbey, defendant in error here, filed a motion to dismiss the appeal for defects appearing in the case-made as follows:

"(1) That said instrument has never been signed or settled by the trial judge.  (2) That said instrument has not been attested by the Court Clerk. (3) That said instrument has never been filed in the trial court and withdrawn for the purpose of appeal.  (4) That said instrument has not been certified as a transcript of the record."

Plaintiff in error, Albert, filed a response to the motion to dismiss which is in words and figures as follows:

"Comes now the plaintiff in error E. A. Albert and for his response to the motion to dismiss the appeal in the above entitled and numbered cause states that neither he nor his Attorney have a distinct recollection as to what was done in certifying the record, and therefore he moves for permission to withdraw the case-made for thirty days in order that same may be corrected as provided by section 959 of Title 12 of Oklahoma Statutes of 1941."

Examination of the case-made discloses that it is defective in the respects set out in the motion to dismiss.

The motion must be sustained. In State ex rel. Gross v. American National Bank, 107 Okla. 265, 232 P. 52; Hillery v. Cox, 125 Okla. 124, 256 P. 915, and in Stewart v. Stephens, 196 Okla. 527, 166 P. 2d 430, we held that where a case-made was not attested by the court clerk, nor filed in the trial court with the papers in the case as provided by 12 O.S. 1941 §958, until after the time for appeal to this court has expired, the purported case-made was a nullity and presented nothing

to this court for review. We held further that where such defects appeared in the case-made they could not be cured after the time for appeal had expired. In Hillery v. Cox, supra, we said:

"This court is without jurisdiction to consider an appeal, where the case-made fails to show the attestation of the clerk of the trial court to the signature and certificate of the trial judge, settling the case-made, and the seal of the trial court thereto, and which is not corrected in this respect, within the six months period for the filing of appeals in this court. Held, further, that said case-made cannot be corrected, in this respect, after the expiration of the period for appealing the case, so as to give this court jurisdiction to consider the appeal."

In the instant case the case-made is not certified as a transcript, is not signed by the trial judge, nor attested by the court clerk of Muskogee county, and was not filed in the trial court with the papers in the case. It is wholly insufficient to invoke the jurisdiction of this court.

Appeal dismissed.

DAVISON, C.J., ARNOLD, V. C. J., and WELCH, HALLEY, JOHNSON, and O'NEAL, JJ., concur.