BOARD OF ED. OF INDEPENDENT
SCHOOL DIST. NO. 93 et al. v.
DIXSON, County Treas.

No. 34229. Oct. 11, 1949.

*210 P. 2d 669.*

Joe H. Reily, of Shawnee, for relators.

Shelton Skinner, Co. Atty. of Pottawatomie County, and John L. Green and Earl P. Enos, Assts., all of Shawnee, for respondent.

WELCH, J. The sum of money involved is a part of the proceeds of a bond issue voted in November, 1948, and duly authorized, approved, and sold, for the purpose of making permanent improvements to the separate schools of Pottawatomie county, Okla.

In May, 1949, the board of county commissioners, within their legal authority, by resolution, allocated or apportioned the sum of $145,300 to the separate school of Independent School District No. 93 of the county, to be expended for the improvement of said separate school.

This action poses the question whether the board of education, plaintiff herein, is the proper authority to expend such fund for the prescribed purpose. Doubt existed in the mind of the county treasurer on the thought that the board of county commissioners might be required to so expend the fund.

Formerly the law did provide for expenditure of such funds by the county commissioners in the following language:

"The Board of County Commissioners, upon receiving the proceeds of the sale of such bonds, shall expend the same of the uses for which they were authorized, in such place or places throughout the county as will in their judgment best serve the needs of the separate school children of the county. All such expenditures shall be made by such Board of County Commissioners in accordance with the laws governing and controlling the making of like expenditures or contracts by Boards of Education of independent school districts." Title 70 O. S. A. §907.7.

However, that provision was superseded and repealed by the 1949 Legislature. At that time the law was rewritten, with some changes as to the method of voting bonds for such improvements as to separate schools, and with specified provision that when bonds were voted for improvement of such a separate school as here involved the funds thereby provided should be expended by the board of education of the district. Title 70, S. L. 1949, ch. 1A, art. 15, secs. 1-14, pp. 567-570. And specific provision was made as to existing funds from any previous bond issue. It was provided by section 13, above cited, p. 570, S. L. 1949, as follows:

"Provided the proceeds of any previous separate school bond issue in the hands of the County Treasurer which has been apportioned but not expended or contracted against by the Board of County Commissioners shall be immediately transferred to the Board of Education to which apportionment has been made for expenditure as herein provided."

That act became effective June 7, 1949, to become operative by its provisions (ch. 1A, art. 20, sec. 10, p. 607, S. L. 1949) on July 1, 1949, and thereby it became the duty of the county treasurer to transfer the $145,300, here involved, to the board of education, plaintiff herein, since that sum had been apportioned as aforesaid.

But it is urged that to so hold would violate the contractual obligation of the county commissioners to the voters that they, the county commissioners, should expend the proceeds of the voted bonds. We do not agree with that contention since the expenditure by the board of education, for the same purpose and at the same separate school, would fully discharge the obligation to the separate school involved and to the voters as to the expenditure of the funds involved.

Authorities support the rule that so long as the exact expenditure purpose is preserved and followed, a legislative change in the personnel or in the board to make the expenditure of such a fund is legal and valid. See Rorick v. Board of Commissioners of Everglades Drainage District, 57 F. 2d 1048, and decisions therein cited; California Highway Commission v. Ballard, 77 Cal. App. 404, 247 P. 527; State ex rel. Urquhart v. Johnson, 107 Fla. 624, 145 So. 880; Reppel v. Board of Liquidation 11 F. Supp. 799.

We conclude that the county treasurer, defendant, should at once trans-

fer this fund of $145,300 to the treasurer of the plaintiff board of education as a mandatory duty, and that no constitutional right is thereby violated; the said board of education then being strictly obligated to expend such fund only for the purpose for which the bonds were voted and the purpose for which the allocation or apportionment of such fund was made to this district by the board of county commissioners.

The writ is granted as prayed for.

ARNOLD, V. C. J., and CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.