Charles H. SHEPHERD, Plaintiff in Error,

v.

Jack HERNDON and Seth Herndon, Jr., Defendants in Error.

No. 41257.

Supreme Court of Oklahoma.

Jan. 12, 1965.

Jack E. Gordon, Claremore, Charles Dunn, Tulsa, for plaintiff in error.

Harry Crowe, Jr., Tulsa, for defendants in error.

DAVISON, Justice.

This appeal is sought to be prosecuted by case made. Before the court is appellant's application to withdraw the record to be "completed, settled and corrected." The question to be decided is whether the defect in failing to settle a case made before its filing in this court may be corrected after the expiration of the maximum period (of six months) prescribed by 12 O.S.Supp. 1963, § 972(a) for the commencement of an appeal by case made.

This proceeding was commenced here November 2, 1964, by a petition in error with an exhibit in form of a record attached thereto and designated as case made. There is nothing in the record so filed to show that it has been settled as a case made either by the trial judge, as provided by 12 O.S.1961, § 958, or by a stipulation of the parties as authorized by 12 O.S.1961,

§ 966. The final order from which this appeal was lodged denied appellant a new trial on May 4, 1964. Since this appeal is sought to be prosecuted by case made, the maximum time (of six months) prescribed for its commencement by 12 O.S.Supp. 1963, § 972(a) expired November 4, 1964.

In their objection to the application here under consideration, filed by appellees November 16, 1964, it is urged that after the statutory time for appeal has expired a case made, if a nullity when filed in this court, may no longer be withdrawn for its settlement. In support of their position appellees cite Albert v. Dalbey, 202 Okl. 110, 210 P.2d 659. Appellant counters this argument with a broad contention that under our more recent construction of 12 O.S.1961, § 959, in Oklahoma Turnpike Authority v. Kitchen, Okl., 337 P.2d 1081, this court is authorized to allow withdrawal of a case made, at any time before its decision is final, for the purpose of including therein any omitted matter, whether such matter was or was not of record below.

The record before us contains neither a certificate of settlement executed by the trial judge nor a stipulation of the parties dispensing therewith. There is nothing in the application under consideration to even intimate that the record was in fact settled as a case made before its filing in this court, but because the necessary signatures on the certificate or stipulation of settlement were inadvertently omitted therefrom, the deficiency is now sought to be supplied nunc pro tunc. Appellees emphatically allege that the record attached to the petition in error has *never* been settled as a case made. If not actually admitted, this fact certainly stands uncontroverted. Absent appellant's denial thereof, the allegation so made by appellees must be taken as true. Adams v. Ogden, District Judge, 170 Okl. 429, 40 P.2d 677; Fritts v. Hankins Bros., 173 Okl. 475, 49 P.2d 508; Brown v. Holt, 174 Okl. 319, 50 P.2d 146; Whelchel v. Hembree, 201 Okl. 295, 205 P.2d 279.

Where a record attached to a petition in error has not been settled before its filing in the Supreme Court either by the trial judge as provided by 12 O.S. 1961, § 958, or by a stipulation of the parties as authorized by 12 O.S.1961, § 966, it is a nullity and ineffective as a case made. Upton v. American Trust Co. of Purcell, 31 Okl. 456, 122 P. 159; Thomas v. Reynolds, 198 Okl. 395, 179 P.2d 19; Albert v. Dalbey, supra. An appeal by case made does not stand perfected unless within the maximum time prescribed by 12 O.S.Supp. 1963, § 972(a), a petition in error is lodged in this court together with the original case made which is properly served, settled, authenticated and filed below. Daily v. Citizens' Nat. Bank of Pawhuska, 89 Okl. 94, 214 P. 116; School Board of Dist. No. 4 Coal County v. Yalch, 182 Okl. 605, 79 P. 2d 223; and Barker v. Southwest Homes Corporation, 162 Okl. 77, 19 P.2d 141, 142. An appeal by case made is not regarded as timely perfected unless *both* the petition in error and the case made are filed within the maximum time prescribed therefor. Taylor v. Sites, Okl., 296 P.2d 152, 154; See Wakeman v. Greenan, 49 Okl. 785, 154 P. 512.

Settlement of a case made, be it by certificate of the trial judge or by stipulation of the parties, must be effected within the maximum time prescribed for appeal. After the expiration of this time the trial judge is wholly without power to settle the record as a case made and the parties may no longer effect a settlement by stipulation. In short, nothing can be done to belatedly confer jurisdiction upon this court. Clifford v. Black, Sivalls & Bryson, Inc., 187 Okl. 202, 102 P.2d 167; Callahan v. Callahan, 47 Okl. 542, 149 P. 135, 136; Creek Realty Co. v. City of Muskogee, 49 Okl. 413, 153 P. 180, 181; Nelson v. Ben Franklin Refining Co., 200 Okl. 654, 199 P.2d 209, 210.

[6–8] Under the terms of 12 O.S.1961, § 959, this court may allow a case made to be withdrawn, "before the cause is finally decided," for correction, completion or amendment. The cited statute contemplates the correction or completion of matters contained or to be included in a case made settled and prepared within the time and in the manner provided by law. It does not purport to authorize amendments designed to confer jurisdiction on this court by belatedly supplying those statutory requirements whose performance within six months is essential to perfect an appeal. This latter category of amendments may not be made after the maximum time for appeal has expired. A contrary construction of Sec. 959, supra, would allow an appeal by case made to be commenced after the expiration of the six months period fixed by 12 O.S.Supp. § 972 (a). There is nothing in Sec. 959 to indicate that its terms were ever intended either to enlarge the period prescribed for commencement of appellate proceedings or to change the requirements governing the preparation and settlement of a case made. Mid-West Life Ass'n v. Rivers, 160 Okl. 199, 16 P.2d 561; Stewart v. Stephens, 196 Okl. 527, 166 P.2d 430; Albert v. Dalbey, supra.

Our decision in Oklahoma Turnpike Authority v. Kitchen, supra, did not in any way enlarge the scope of Sec. 959. The case made in that case had been settled and prepared as required by law. The court allowed it to be supplemented by including therein a written memorial of the order denying a new trial. The amendment so made did not operate to supply a requirement whose performance within six months is essential to perfect an appeal by case made.

The proposed amendment may not be effected after the time for appeal has expired. The application to withdraw the record for its settlement by the trial judge is accordingly denied.

While the record on file is certified as a transcript, the present cause may not be treated as an appeal by transcript because it was filed after the expiration of the maximum time (three months) prescribed by 12 O.S.Supp.1963, § 972(b) for

the commencement of a proceeding in error by that method.

The case made whereon the instant cause is sought to be prosecuted is a nullity. The court is accordingly without jurisdiction to entertain this appeal. Albert v. Dalbey, supra.

Appeal dismissed.

HALLEY, C. J., JACKSON, V. C. J., and JOHNSON, WILLIAMS, BLACK-BIRD, IRWIN and BERRY, JJ., concur.